THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CINEMARK HOLDINGS, INC.; CINEMARK USA, INC.; CNMK TEXAS PROPERTIES, LLC; CENTURY THEATERS, INC.; CINEMARK PARTNERS II, LTD.; GREELEY, LTD.; and LAREDO THEATRE, LTD. | § § § § § § § | |
| Plaintiffs, | § § | CIVIL ACTION NO. 4:21-CV-00011-ALM |
| v. | § § | |
| FACTORY MUTUAL INSURANCE COMPANY, | § § § | |
| Defendant. | § | |

## DEFENDANT FACTORY MUTUAL INSURANCE COMPANY'S ANSWER AND DEFENSES TO PLAINTIFFS' SECOND AMENDED COMPLAINT

Defendant Factory Mutual Insurance Company ("FM Global" or "Defendant") files its Answer and Defenses to Plaintiffs' Second Amended Complaint and would respectfully show the Court as follows:

## I.  INTRODUCTION

1.      Admit.

2.      The allegations in paragraph 2 constitute legal conclusions and legal arguments for which no response is required. To the extent a response is required, FM Global denies the allegations in paragraph 2.

## II.  PARTIES

3.      Admit.

4.      Admit.

5.      Admit.

6.      Admit.

7.      FM Global admits that Cinemark Partners II, Ltd., is a limited partnership but denies the remaining allegations in paragraph 7.

8.      Admit.

9.      Admit.

10.     Admit.

## III.  JURISDICTION AND VENUE

11.     Admit.

12.     Admit.

## IV.  FACTUAL BACKGROUND

**A.      Cinemark's Operations and the FM Policy**

13.     FM Global lacks information and belief with regard to the allegations in paragraph 13 and as such denies them.

14.     FM Global lacks information and belief with regard to the allegations in paragraph 14 and as such denies them.

15.     FM Global admits it sold Policy No. 1051832 to Plaintiffs, subject to all policy terms, conditions, limitations, and exclusions (the "Policy"), and that Exhibit A to Plaintiffs' Amended Complaint is a true and correct copy of the Policy. The allegations in paragraph 15 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents.

16.     Admit.

17.     The allegations in paragraph 17 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. To the extent a response is required, admitted.

18.     The allegations in paragraph 18 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 18 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

19.     The allegations in paragraph 19 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. To the extent a response is required, denied.

20.     Admit.

21.     Admit.

22.     Admit.

23.     Admit.

24.     The allegations in paragraph 24 constitute legal conclusions to which no response is required. To the extent a response is required, denied.

25.     The allegations in paragraph 25 constitute legal conclusions to which no response is required. To the extent a response is required, denied.

26.     The allegations in paragraph 26 purport to characterize the contents of documents that speaks for themselves. To the extent a response is required, FM Global admits that paragraph 26 appears to reference certain dictionary definitions of the term "loss."

27.     Denied.

28.     The allegations in paragraph 28 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 28 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

29.     Admitted.

30.     The allegations in paragraph 30 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 30 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

31.     The allegations in paragraph 31 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 31 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

32.     The allegations in paragraph 32 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents.

33.     The allegations in paragraph 33 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 33 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

34.     The allegations in paragraph 34 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate

rendition of its contents. Because the allegations in paragraph 34 are incomplete and inaccurate statements, to the extent a response is required, denied.

35.     The allegations in paragraph 35 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 35 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

36.     The allegations in paragraph 36 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 36 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

37.     The allegations in paragraph 37 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 37 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

38.     The allegations in paragraph 38 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 38 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

39.     The allegations in paragraph 39 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. Because the allegations in paragraph 39 are incomplete and inaccurate statements, to the extent a response is required, denied.

40.     FM Global admits that it received payment of premiums for the coverage provided in the Policy. Except as expressly admitted herein, FM Global denies the allegations in paragraph 40.

**B.    COVID-19 is a Communicable Disease**

41.     The allegations in paragraph 41 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 2. To the extent a response is required, FM Global admits that COVID-19 is a communicable disease but denies the remaining allegations in paragraph 41 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus. Except as expressly admitted herein, FM Global denies the allegations in paragraph 41.

42.     Admit.

43.     The allegations in paragraph 43 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 3. To the extent a response is required, FM Global denies the allegations in paragraph 43 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

44.     Denied.

45.     The allegations in paragraph 45 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 4. To the extent a response is required, FM Global denies the allegations in paragraph 45 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

46.     The allegations in paragraph 46 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 5. To the

extent a response is required, FM Global denies the allegations in paragraph 46 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

47.     The allegations in paragraph 47 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 6. To the extent a response is required, FM Global denies the allegations in paragraph 47 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

48.     The allegations in paragraph 48 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the documents cited in footnotes 7–9. To the extent a response is required, FM Global denies the allegations in paragraph 48 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

49.     The allegations in paragraph 49 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the documents cited in footnote 10–11. To the extent a response is required, FM Global denies the allegations in paragraph 49 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

50.     The allegations in paragraph 50 in part purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 12. To the extent a response is required, FM Global denies the allegations in paragraph 50 related to the document cited in footnote 12 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus FM Global denies the remaining allegations in paragraph 50. FM Global also denies that physical alteration of property is required to "render it safe from COVID-19 and return the property to a safe and usable state."

51.     The allegations in paragraph 51 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the documents cited in footnotes 13–14. To the extent a response is required, FM Global denies the allegations in paragraph 51 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

52.     The allegations in paragraph 52 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 15. To the extent a response is required, FM Global denies the allegations in paragraph 52 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

53.     The allegations in paragraph 53 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 16. To the extent a response is required, FM Global denies the allegations in paragraph 53 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

54.     The allegations in paragraph 54 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the documents cited in footnotes 17–18. To the extent a response is required, FM Global denies the allegations in paragraph 54 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

55.     The allegations in paragraph 55 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the documents cited in footnotes 17–18. To the extent a response is required, FM Global denies the allegations in paragraph 55.

56.     The allegations in paragraph 56 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the documents cited in footnotes 19–20.

To the extent a response is required, FM Global denies the allegations in paragraph 56 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

57.     The allegations in paragraph 57 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 21. To the extent a response is required, FM Global denies the allegations in paragraph 57 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

58.     The allegations in paragraph 58 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 22. To the extent a response is required, FM Global denies the allegations in paragraph 58 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

59.     The allegations in paragraph 59 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the documents cited in footnotes 23–24. To the extent a response is required, FM Global denies the allegations in paragraph 59 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

60.     The allegations in paragraph 60 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 25. To the extent a response is required, FM Global denies the allegations in paragraph 60 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

61.     FM Global lacks sufficient information and belief as to the truth of the allegations in paragraph 61 and as such denies them.

62.     The allegations in paragraph 62 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 26. To the extent a response is required, FM Global denies the allegations in paragraph 62 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

63.     The allegations in paragraph 63 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 27. To the extent a response is required, FM Global denies the allegations in paragraph 63 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

64.     The allegations in paragraph 64 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 28. To the extent a response is required, FM Global denies the allegations in paragraph 64 related to the document cited in footnote 28 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus FM Global denies the remaining allegations in paragraph 64.

65.     The allegations in paragraph 65 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 29. To the extent a response is required, FM Global denies the allegations in paragraph 65 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

66.     The allegations in paragraph 66 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 30. To the extent a response is required, FM Global denies the allegations in paragraph 66 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

67.     The allegations in paragraph 67 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 31. To the extent a response is required, FM Global denies the allegations in paragraph 67 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

68.     The allegations in paragraph 68 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 32. To the extent a response is required, FM Global denies the allegations in paragraph 68 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

69.     FM Global lacks information and belief with regard to the allegations in paragraph 69 and as such denies them.

70.     The allegations in paragraph 70 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 33. To the extent a response is required, FM Global denies the allegations in paragraph 70 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

71.     FM Global admits that the virus that causes COVID-19 caused a pandemic. FM Global lacks information and belief with regard to the other allegations in paragraph 71 and as such denies them. Except as expressly admitted herein, FM Global denies the allegations in Paragraph 71.

72.     Denied.

73.     Denied.

74.     Denied.

75.     Denied.

76.     Denied

77.     FM Global admits that the Policy requires Cinemark to mitigate its Time Element loss. FM Global lacks information and belief with regard to the allegations in paragraph 77 and as such denies them. Except as expressly admitted herein, FM Global denies the allegations in paragraph 77.

78.     Denied.

79.     Denied.

80.     Denied.

81.     Denied.

82.     Denied.

83.     Denied.

84.     FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 84 and as such denies them.

85.     FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 85 and as such denies them.

86.     FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 86 and as such denies them.

87.     FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 87 and as such denies them.

88.     FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 88 and as such denies them.

89.     FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 89 and as such denies them.

90.     FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 90 and as such denies them.

91.     The allegations in paragraph 91 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 34. To the extent a response is required, FM Global denies the allegations in paragraph 91.

92.     The allegations in paragraph 92 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 35. To the extent a response is required, FM Global denies the allegations in paragraph 92.

93.     The allegations in paragraph 93 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 36. To the extent a response is required, FM Global denies the allegations in paragraph 93 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

94.     The allegations in paragraph 94 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document cited in footnote 37. To the extent a response is required, FM Global denies the allegations in paragraph 94 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

95.     The allegations in paragraph 95 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the documents cited in footnotes 38–39. To the extent a response is required, FM Global denies the allegations in paragraph 95 to the extent that they mischaracterize the contents of the document(s) cited and/or the scientific consensus.

**C.      The Insurance Industry and FM Global's Alleged Knowledge of the "Risks and Dangers of the Pandemic"**

96.     The allegations in Paragraph 96 purport to characterize and argue conclusions from the contents of documents that speak for themselves, and FM Global refers the Court to the documents cited in footnotes 40-42. To the extent that a response is required, denied.

97.     Denied.

98.     The allegations in paragraph 98 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the document attached to Plaintiffs' Second Amended Complaint as Exhibit L. To the extent a response is required, FM Global denies the relevance of that Exhibit to this litigation and denies the allegations in paragraph 98 to the extent that they mischaracterize the contents of the document(s) cited. Except as expressly admitted herein, FM Global denies the allegations in paragraph 98.

**D.      Governmental Orders Because of Covid-19**

99.     The allegations in paragraph 99 purport to characterize the contents of documents that speaks for themselves, and FM Global refers the Court to the documents collected in Exhibit B. To the extent a response is required, FM Global denies the allegations in paragraph 99 to the extent that they mischaracterize the contents of the document(s) cited.

100.    The allegations in paragraph 100 purport to characterize the contents of documents that speaks for themselves, and FM Global refers the Court to the documents

collected in Exhibit B. To the extent a response is required, FM Global denies the allegations in paragraph 88 to the extent that they mischaracterize the contents of the document(s) cited. FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the remaining allegations in paragraph 100 and as such denies them.

101. Denied.

102. FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 102 and as such denies them.

103. Denied.

104. Denied.

105. Denied.

106. The allegations in paragraph 106 purport to characterize the content of documents that speaks for themselves, and FM Global refers the Court to the documents collected in Exhibit B. To the extent a response is required, FM Global denies the allegations in paragraph 106 to the extent that they mischaracterize the contents or applicability of the document(s) cited.

107. The allegations in paragraph 107 purport to characterize the contents of documents that speaks for themselves, and FM Global refers the Court to the documents collected in Exhibit B. To the extent a response is required, FM Global denies the allegations in paragraph 107 to the extent that they mischaracterize the contents or applicability of the document(s) cited. FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the remaining allegations in paragraph 107 and as such denies them.

108.     The allegations in paragraph 108 purport to characterize the contents of documents that speaks for themselves, and FM Global refers the Court to the documents collected in Exhibit B. To the extent a response is required, FM Global denies the allegations in paragraph 108 to the extent that they mischaracterize the contents or applicability of the document(s) cited. FM Global denies that COVID-19 causes damage. FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the remaining allegations in paragraph 108 and as such denies them.

109.     The allegations in paragraph 109 purport to characterize the contents of documents that speaks for themselves, and FM Global refers the Court to the documents collected in Exhibit B. To the extent a response is required, FM Global denies the allegations in paragraph 109 to the extent that they mischaracterize the contents or applicability of the document(s) cited. FM Global denies that COVID-19 causes physical damage and therefore denies that physical alterations to insured property constitute repair or remediation of "damage" caused by COVID-19. FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the remaining allegations in paragraph 109 and as such denies them.

110.     FM Global denies that COVID-19 causes physical loss or damage and lacks information and belief, including a lack of submission of such information from its insured, with regard to the remaining allegations in paragraph 110 and as such denies them.

111.     The allegations in paragraph 111 purport to characterize the contents of documents that speaks for themselves, and FM Global refers the Court to the documents collected in Exhibit B. To the extent a response is required, FM Global denies the allegations in paragraph 111 to the extent that they mischaracterize the contents or applicability of the

document(s) cited.FM Global lacks information and belief, including a lack of any submission of such information from its insured, with regard to the remaining allegations in paragraph 111 and as such denies them.

112.    The allegations in paragraph 112 purport to characterize the contents of documents that speaks for themselves, and FM Global refers the Court to the documents collected in Exhibit B. To the extent a response is required, FM Global denies the allegations in paragraph 112 to the extent that they mischaracterize the contents or applicability of the document(s) cited. FM Global denies the remaining allegations in Paragraph 112.

113.    FM Global denies that Cinemark's property sustained physical loss or damage. FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the remaining allegations in paragraph 113 and as such denies them.

114.    FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 114 and as such denies them.

115.    FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 115 and as such denies them.

116.    The allegations in paragraph 116 purport to characterize the contents of unidentified documents. FM Global lacks information and belief, including a lack of a submission of such information from its insured, with regard to the allegations in paragraph 104 and as such denies them.

**E.     The "All Risks" Coverage**

117.     The allegations in paragraph 117 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents.

118.     Admitted.

119.     Denied.

120.     Denied.

121.     Denied.

**1.     The Policy's Communicable Disease Provisions**

122.     The allegations in paragraph 122 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. To the extent a response is required, denied.

123.     The allegations in paragraph 123 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. To the extent a response is required, denied.

124.     Denied.

125.     Denied.

126.     Regarding the allegations in paragraph 126, FM Global admits that COVID-19 is a "communicable disease" as defined in the Policy, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. Except as expressly admitted herein, FM Global denies the allegations in paragraph 126.

127.     Denied.

128.     Denied.

129.    Denied.

130.    Denied.

131.    The allegations in paragraph 131 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit C of Plaintiffs' Second Amended Complaint. To the extent a response is required, denied.

132.    Denied.

133.    Denied.

134.    Regarding the allegations in paragraph 134, FM Global admits that the Policy contains coverage for "Interruption by Communicable Disease," and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. Except as expressly admitted herein, FM Global denies the allegations in paragraph 134.

135.    Denied.

136.    Denied.

**2.      Coverage Under the "All Risks" Policy**

137.    Denied.

138.    FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 138 and as such denies them.

139.    FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 139 and as such denies them.

140.     FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 140 and as such denies them.

141.     FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 141 and as such denies them.

142.     FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 142 and as such denies them.

143.     Denied.

144.     FM Global lacks information and belief with regard to the allegations in paragraph 144 and as such denies them.

145.     FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 145 and as such denies them.

146.     FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 146 and as such denies them.

147.     Denied.

148.     Denied.

149.     Denied.

150.     Denied.

151.    FM Global objects that the undesignated expert report from an unrelated Nevada case referenced in paragraph 151 and attached as Exhibit M to the Second Amended Complaint is not properly before this Court, is irrelevant and should not be considered at the pleading stage. FM Global denies the allegations in paragraph 151 and in Exhibit M.

152.    FM Global objects that the undesignated expert report from an unrelated Nevada case referenced in paragraph 152 and attached as Exhibit N to the Second Amended Complaint is not properly before this Court, is irrelevant and should not be considered at the pleading stage. FM Global denies the allegations in paragraph 152 and in Exhibit N.

153.    Denied.

154.    Denied.

155.    Denied.

156.    FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 156 and as such denies them.

157.    FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 157 and as such denies them.

158.    FM Global admits that Plaintiffs submitted a claim for alleged losses related to COVID-19. FM Global denies the remaining factual allegations in Paragraph 158.

3.      **"Additional Coverages"**

159.    Denied.

160.    FM Global lacks information and belief, including a lack of submission of such information from its insured, with regard to the allegations in paragraph 160 and as such denies them.

161.    FM Global lacks information and belief, including a lack of any submission of such information from its insured, with regard to the allegations in paragraph 161 and as such denies them.

162.    Regarding the allegations in Paragraph 162, FM Global admits that the Policy contains coverage for "Claims Preparation Costs," and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. Except as expressly admitted herein, FM Global denies the allegations in Paragraph 162.

163.    FM Global lacks information and belief, including a lack of any submission of such information from its insured, with regard to the allegations in paragraph 163 and as such denies them.

164.    Denied.

165.    Denied.

166.    Regarding the allegations in Paragraph 166, FM Global admits that the Policy contains coverage for Time Element loss, subject to the Policy's terms and conditions, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. Except as expressly admitted herein, FM Global denies the allegations in Paragraph 166.

167.    Denied.

168.    Denied.

169.    Denied.

170.    Denied.

171. Denied.

172. Denied.

173. Denied.

174. Denied.

175. Denied.

176. Denied.

177. Denied.

178. To the extent that the allegations in paragraph 178 purport to characterize the content of documents that speaks for themselves, FM Global refers the Court to the documents referenced in footnotes 48–51. FM Global denies the allegations in paragraph 178 to the extent that they mischaracterize the contents of the document(s) cited. FM Global lacks information and belief with regard to the allegations that Cinemark's locations were affected by the alleged lack of theatrical releases due to COVID-19, and as such denies them.

179. To the extent that the allegations in paragraph 179 purport to characterize the content of documents that speaks for themselves, FM Global refers the Court to the documents referenced in footnotes 52–55. FM Global denies the allegations in paragraph 179 to the extent that they mischaracterize the contents of the document(s) cited. FM Global denies that COVID-19 caused and is continuing to cause physical loss and damage to property. FM Global denies the remaining allegations in paragraph 179.

**4.    No Exclusion Impacts Coverage**

180. Denied.

**5.    The Policy's Contamination Exclusion Does Not Apply**

181.    The allegations in paragraph 181 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. To the extent a response is required, denied.

182.    Regarding the allegations in Paragraph 182, FM Global admits that COVID-19 is a "communicable disease" as defined in the Policy, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. Except as expressly admitted herein, FM Global denies the allegations in Paragraph 182.

183.    Regarding the allegations in Paragraph 183, FM Global admits that COVID-19 is a "communicable disease" as defined in the Policy, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. Except as expressly admitted herein, FM Global denies the allegations in Paragraph 183.

184.    The allegations in paragraph 184 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 184 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

185.    The allegations in paragraph 185 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the linked dictionary definition, as well as to any other dictionaries the Court prefers to consult. To the extent a response is required, FM Global admits that these allegations appear to reflect one dictionary definition of the term "disease."

186.    Denied.

187.    Denied.

188.     The allegations in paragraph 188 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. FM Global admits that the Policy contains an exclusion for "contamination." Except as expressly admitted herein, FM Global denies the allegations in Paragraph 188.

189.     The allegations in paragraph 189 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. FM Global admits that the Policy defines "contamination" as a "virus," among other things. Except as expressly admitted herein, FM Global denies the allegations in Paragraph 189.

190.     The allegations in paragraph 190 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 190 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

191.     Denied.

192.     Denied.

193.     The allegations in paragraph 193 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents.

194.     The allegations in paragraph 194 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. To the extent a response is required, denied.

195. The allegations in paragraph 195 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 195 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

196. The allegations in paragraph 196 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 196 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

197. The allegations in paragraph 197 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 197 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

198. The allegations in paragraph 198 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. The allegations in paragraph 198 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

199. Denied.

200. Denied.

**6.    The Policy's Communicable Disease Sublimit**

201. Regarding the allegations in paragraph 201, FM Global admits that the Policy contains coverage for "Communicable Disease Response" and "Interruption by Communicable Disease," and FM Global refers the Court to the Policy for a full and accurate rendition of its

contents. Except as expressly admitted herein, FM Global denies the allegations in Paragraph 201.

202.    The allegations in paragraph 202 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents.

203.    The allegations in paragraph 203 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents.

204.    Denied.

205.    Denied.

206.    Denied.

207.    Denied.

208.    Denied.

209.    Denied.

210.    Denied.

211.    Denied.

212.    Denied.

213.    Denied.

214.    FM Global asserts that the contamination exclusion contained in the Policy unambiguously excludes losses caused by communicable diseases, viruses, and pandemics, unless an exception applies. The allegations in paragraph 214 are denied.

215.    The allegations in paragraph 215 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and

accurate rendition of its contents. The allegations in paragraph 215 also constitute legal conclusions to which no response is required. To the extent a response is required, denied.

216.     Denied.

217.     Denied.

218.     Denied.

**7.      The Policy's Loss of Market or Loss of Use Exclusion**

219.     The allegations in paragraph 219 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents.

220.     The allegations in paragraph 220 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents.

221.     Regarding the allegations in Paragraph 221, FM Global admits that the Policy contains an exclusion for "Loss of Use," and FM Global refers the Court to the Policy for a full and accurate rendition of its contents. Except as expressly admitted herein, FM Global denies the allegations in Paragraph 221.

222.     Denied.

223.     Denied.

224.     Denied.

225.     Denied.

**F.      FM Global's Bad Faith Conduct**

**1.      FM Global's Investigation**

226.     Denied.

227.     Denied.

228.     FM Global admits that Plaintiffs reported a claim on the referenced dates but denies the remaining allegations in paragraph 228.

229.     Regarding the allegations in Paragraph 229, FM Global admits that it sent a letter dated May 18, 2020 that, in part, contained a reservation of rights, and FM Global refers the Court to Exhibit F of Plaintiffs' Second Amended Complaint. Except as expressly admitted herein, FM Global denies the allegations in Paragraph 229.

230.     Denied.

231.     FM Global admits that it requested information as to whether any persons at Cinemark locations had tested positive for COVID-19, but it denies the remaining allegations in paragraph 231.

232.     Denied.

233.     Regarding the allegations in Paragraph 233, FM Global admits that the letter attached as Exhibit F states, in part, that it recaps a discussion on April 27, 2020, but denies that that the letter states that it is only a recap of a conversation from April 27th. FM Global further states that the allegations in paragraph 233 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit E of Plaintiffs' Second Amended Complaint. Except as expressly admitted herein, FM Global denies the allegations in Paragraph 233.

234.     The allegations in paragraph 234 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit F of Plaintiffs' Second Amended Complaint.

235. The allegations in paragraph 235 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit F of Plaintiffs' Second Amended Complaint. FM Global denies the remaining allegations in paragraph 235, in particular the allegation that Cinemark had already provided all information requested by FM Global.

236. The allegations in paragraph 236 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit H of Plaintiffs' Second Amended Complaint. FM Global denies the remaining allegations in paragraph 235.

237. Denied.

238. Admitted.

239. The allegations in paragraph 239 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit I of Plaintiffs' Second Amended Complaint. FM Global denies the remaining allegations in paragraph 239.

240. Denied.

241. The allegations in paragraph 241 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit J of Plaintiffs' Second Amended Complaint. To the extent required, FM Global admits the allegations in paragraph 241.

242. Denied.

243. The allegations in paragraph 243 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit K of Plaintiffs' Second Amended Complaint. FM Global denies the remaining allegations in paragraph 243.

**2.** **The Policy's On-Site Sublimited Communicable Disease Coverages**

244. Denied.

245.     The allegations in paragraph 245 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit G[1] of Plaintiffs' Second Amended Complaint. FM Global denies the remaining allegations in paragraph 245.

246.     The allegations in paragraph 246 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit G of Plaintiffs' Second Amended Complaint. FM Global denies the remaining allegations in paragraph 246.

247.     The allegations in paragraph 247 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit G of Plaintiffs' Second Amended Complaint. FM Global denies the remaining allegations in paragraph 247.

248.     The allegations in paragraph 248 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit G of Plaintiffs' Second Amended Complaint. FM Global denies the remaining allegations in paragraph 248.

249.     The allegations in paragraph 249 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit G of Plaintiffs' Second Amended Complaint. FM Global denies the remaining allegations in paragraph 249.

250.     The allegations in paragraph 250 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit G of Plaintiffs' Second Amended Complaint.

251.     The allegations in paragraph 251 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit G of Plaintiffs' Second Amended Complaint.

252.     Denied.

---

[1] Plaintiffs inaccurately identify the relevant exhibit as Exhibit F in this paragraph of their Second Amended Complaint.

253.     The allegations in paragraph 253 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit G of Plaintiffs' Second Amended Complaint. FM Global denies the remaining allegations in paragraph 253.

254.     Denied.

255.     The allegations in paragraph 255 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit G of Plaintiffs' Second Amended Complaint. FM Global denies the remaining allegations in paragraph 255.

256.     Denied.

257.     The allegations in paragraph 257 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to Exhibit G of Plaintiffs' Second Amended Complaint. FM Global denies the remaining allegations in paragraph 257.

258.     Denied.

259.     Denied.

260.     Denied.

261.     Denied.

262.     Denied.

263.     Denied.

264.     Denied.

265.     Denied.

266.     Denied.

267.     Denied.

268.     Denied.

269.     Denied.

270.     Denied.

## COUNT I: DECLARATORY JUDGMENT

271.     FM Global incorporates by reference its responses to the preceding paragraphs.

272.     The allegations in paragraph 272 constitute legal conclusions to which no response is required. To the extent a response is required, FM Global admits that Plaintiffs seek the Court's declaration of the parties' rights and duties under the Policy pursuant to 28 U.S.C. § 2201. FM Global denies that Plaintiffs are entitled to any relief in this action and accordingly denies the remaining allegations set forth in paragraph 272.

273.     Denied.

274.     FM Global admits that Plaintiffs seek the relief alleged in paragraph 274. FM Global denies that Plaintiffs are entitled to any relief in this action and accordingly denies the remaining allegations in paragraph 274, including those in sub-paragraphs a–f.

## COUNT II: BREACH OF CONTRACT (Property Damage)

275.     FM Global incorporates by reference its responses to the preceding paragraphs.

276.     FM Global admits that the Policy is a valid and enforceable contract subject to all its terms, conditions and exclusions.

277.     The allegations in paragraph 277 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents.

278.     Denied.

279.     Denied.

280.     Denied.

281.     FM Global admits Plaintiffs paid their premiums and provided timely notice of their claim. FM Global denies the remaining allegations in paragraph 281.

282.     Denied.

283.     Denied.

284.     Denied.

285.     Denied.

## COUNT III: BREACH OF CONTRACT (Time Element)

286.     FM Global incorporates by reference its responses to the preceding paragraphs.

287.     FM Global admits that the Policy is a valid and enforceable contract subject to all its terms, conditions and exclusions.

288.     The allegations in paragraph 288 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents.

289.     Denied.

290.     Denied.

291.     Denied.

292.     FM Global admits Plaintiffs paid their premiums and provided timely notice of their claim. FM Global denies the remaining allegations in paragraph 292.

293.     Denied.

294.     Denied.

295.     Denied.

296.     Denied.

## COUNT IV: BREACH OF CONTRACT (Time Element Extensions)

297.     FM Global incorporates by reference its responses to the preceding paragraphs.

298.     FM Global admits that the Policy is a valid and enforceable contract subject to all its terms, conditions and exclusions.

299. The allegations in paragraph 299 purport to characterize the content of a document that speaks for itself, and FM Global refers the Court to the Policy for a full and accurate rendition of its contents.

300. Denied.

301. Denied.

302. Denied.

303. FM Global admits Plaintiffs paid their premiums and provided timely notice of their claim. FM Global denies the remaining allegations in paragraph 303.

304. Denied.

305. Denied.

306. Denied.

307. Denied.

## COUNT V: BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING

308. FM Global incorporates by reference its responses to the preceding paragraphs.

309. Denied.

310. FM Global admits that it has such a duty but denies that it breached said duty.

311. Denied.

312. Denied.

313. Denied.

314. Denied.

315. Denied.

316. Denied.

317. Denied.

318. Denied.

319.    Denied.

320.    Denied.

## COUNT VI: VIOLATION OF THE TEXAS INSURANCE CODE

321.    FM Global incorporates by reference its responses to the preceding paragraphs.

322.    Denied.

323.    Denied.

324.    Denied.

325.    Denied.

326.    Denied.

327.    Denied.

328.    Denied.

329.    Denied.

330.    Denied.

## V.  DENIAL OF CONDITIONS PRECEDENT

1.    Defendant specifically denies that Plaintiffs have satisfied all conditions precedent to the recovery it seeks in this lawsuit.

### *Loss During the Policy Period*

2.    Factory Mutual Insurance Company policy number 1051832 issued to Plaintiffs for the policy period April 30, 2019 to April 30, 2020 (the "Policy") applies only to loss that occurs during the Policy period.  To the extent that any part of the loss of which Plaintiffs complain did not occur during this period, the Policy provides no coverage for such loss.

### *Loss Above the Deductible*

3.      Defendant's obligation to pay under the Policy extends, if at all, only to a covered loss that exceeds the applicable Policy deductible(s).  If there is an obligation to pay, it applies only to the amount of covered loss, if any, that exceeds the applicable deductible(s).

### *No Physical Loss or Damage*

4.      Plaintiffs' claims are barred, in whole or in part, because there has been no direct physical loss or damage to Plaintiffs' insured property and/or because Plaintiffs have not met their burden of proving any direct physical loss or damage.

### *Proof of Loss*

5.      Plaintiffs' claims are barred, in whole or in part, because Plaintiffs have failed to submit a signed and sworn proof of loss in breach of the Policy.


6.      Discovery in this matter, as well as the adjustment of the insurance claim, is ongoing, and Defendant reserves the right to assert that Plaintiffs have failed to satisfy other conditions precedent to recovery it seeks in this lawsuit.

## VI.  <u>DEFENSES</u>

The following defenses are based on information presently known. FM Global reserves the right to amend this Answer to include additional defenses based on subsequent information. By alleging the defenses below, FM Global does not admit that it bears the burden of proof or persuasion as to any issue or element. Subject to the foregoing, FM Global alleges the following defenses:

### *Failure to State a Claim*

7.      Plaintiffs' claims are barred, in whole or in part, on the basis that Plaintiffs' Original Petition fails to state a claim against Defendant upon which relief can be granted.

### *Failure to Comply with Conditions Precedent*

8.     Plaintiffs have failed to comply with the Policy's conditions precedent as required for coverage and as a prerequisite to filing suit against Defendant.

### *Policy Terms*

9.     Plaintiffs' claims are subject to all of the terms, conditions, limitations, limits and sublimits, exclusions, and deductibles set forth in the Policy.

### *Misrepresentation and Fraud*

10.     Plaintiffs' claims are barred, in whole or in part because Plaintiffs have willfully concealed or misrepresented a material fact or circumstance concerning this insurance, the subject thereof, any insurance claim, or the interest of Plaintiffs.

### *Contamination by Virus Exclusion*

11.     Plaintiffs' claims are barred, in whole or in part, by the Policy's exclusion for contamination, which includes any condition of property due to the actual or suspected presence of any virus.

### *Loss of Use Exclusion*

12.     Plaintiffs' claims are barred, in whole or in part, by the Policy's exclusion for loss of market or loss of use.

### *Communicable Disease Coverages*

13.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs cannot show the actual not suspected presence of communicable disease as required by the Policy, and because the Policy's communicable disease coverages are subject to a combined sublimit of $1,000,000 in the aggregate during any Policy year.

### *Ripeness*

14.      Plaintiffs' claims are barred, in whole or in part, because Defendant has not denied Plaintiffs' insurance claim, and because Plaintiffs have not provided information reasonably requested by Defendant, and therefore this matter is not ripe for the Court's consideration.

### *Waiver and Estoppel*

15.      Each claim asserted by Plaintiffs is barred by the doctrines of waiver, acquiescence and estoppel.

### *Laches*

16.      Each claim asserted by Plaintiffs is barred by the doctrines of laches.

### *Failure to Mitigate*

17.      Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs failed to take all reasonable steps to mitigate, minimize, or avoid the damages allegedly sustained and/or to protect the property from further damage. Plaintiffs' recovery under the Policy and the law, if any, must be offset and reduced accordingly.

### *Negligence*

18.      Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs' alleged damages were caused, in whole or in part, by the negligent acts and/or omissions of Plaintiffs.

### *Other Insurance*

19.      To the extent there is other insurance applicable to Plaintiffs' alleged losses, and/or to the extent that Plaintiffs have or will recover all or part of its alleged losses or damages from any third party, any recovery under the Policy must be reduced by the application of such other insurance or third policy recover under the Policy must be reduced by the application of such other insurance or third party recovery.

### *No Independent Damages*

20.     Plaintiffs' claims for alleged bad faith and violations of the Texas Insurance Code are barred to the extent Plaintiffs did not sustain damages (if any) independent of the denial of benefits under the Policy.

### *Bona Fide Controversy*

21.     A bona fide controversy exists concerning the extent of Plaintiffs' entitlement to benefits under the Policy. Defendant and/or its employees, agents, representatives, and adjusters are entitled to value claims differently from Plaintiffs without facing extra-contractual liability. Defendant would show that a bona fide controversy exists regarding the existence and/or scope of coverage for any claim for loss or damage.

22.     Discovery in this matter, as well as the adjustment of the insurance claim, is ongoing, and Defendant reserves the right to assert other defenses as they become apparent.

## VII.  <u>DEFENDANT'S RESERVATION OF RIGHTS</u>

By appearing and answering herein, FM Global does not waive, and expressly reserves, all rights and defenses that FM Global may have (or that may arise) under the Policy and/or applicable law. Nothing herein shall constitute or be deemed a waiver of, or an estoppel to assert, any of the rights and defenses that FM Global may have (or that may arise) under the Policy and/or applicable law.

## VIII.  <u>DEFENDANT'S PRAYER FOR RELIEF</u>

WHEREFORE, PREMISES CONSIDERED, Defendant Factory Mutual Insurance Company, prays that upon final judgment: (a) all relief requested by Plaintiffs be denied; (b) all costs be taxed against Plaintiffs; and (c) for such other and further relief to which Defendant may be justly entitled, whether at law or in equity.

Respectfully submitted,

**ZELLE LLP**

By:_____/s/ Thomas H. Cook Jr._____
    Thomas H. Cook. Jr.
    Texas Bar No. 00783869
    tcook@zelle.com
    Shannon M. O'Malley
    Texas Bar No. 24037200
    somalley@zelle.com
    Michael P. O'Brien
    Texas Bar No. 24103418
    mobrien@zelle.com

901 Main Street, Suite 4000
Dallas, TX 75202-3975
Telephone:    214-742-3000
Facsimile:    214-760-8994

*-and-*

    Emileigh S. Hubbard
    Texas Bar No. 24076717
    ehubbard@hoaf.com

**HENRY ODDO AUSTIN & FLETCHER, P.C.**
1700 Pacific Ave., Suite 2700
Dallas, TX 75201
Telephone:    214-658-1900
Facsimile:    214-658-1919

**ATTORNEYS FOR DEFENDANT FACTORY MUTUAL INSURANCE COMPANY**

## CERTIFICATE OF SERVICE

A true and correct copy of the forgoing has been served on the following counsel of record in accordance with the FEDERAL RULES OF CIVIL PROCEDURE on April 5, 2021.

Jarrett L. Hale
Texas Bar No. 24046005
jhale@huntonAK.com
Abigail M. Lyle
Texas Bar No. 24095189
alyle@huntonAK.com
Michael Horne
Texas Bar No. 24083200
mhorney@huntonAK.com

**HUNTON ANDREWS KURTH LLP**
1445 Ross Avenue, Suite 3700
Dallas, TX 75202
Telephone: (214) 979-3000

Michael S. Levine (*Pro Hac Vice*)
mlevine@huntonAK.com

**HUNTON ANDREWS KURTH LLP**
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
Telephone: (202) 955-1857

Rachel E. Hudgins (*Pro Hac Vice*)
rhudgins@huntonAK.com

**HUNTON ANDREWS KURTH LLP**
Bank of America Plaza, Suite 4100
600 Peachtree Street, NE
Atlanta, GA 30308
Telephone: (404) 888-4000

Michael L. Huggins (*Pro Hac Vice*)
mhuggins@huntonAK.com

**HUNTON ANDREWS KURTH LLP**
50 California Street, Suite 1700 San
Francisco, California 94111
Telephone: (415) 975-3744

*Attorneys for Plaintiffs*

/s/ Thomas H. Cook Jr.
Thomas H. Cook, Jr.