# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CINEMARK HOLDINGS, INC. | § § | |
| v. | § § | Civil Action No. 4:21-cv-00011 |
| FACTORY MUTUAL INSURANCE COMPANY | § § § § § | Judge Mazzant |

## ORDER

Pending before the Court is Defendant Factory Mutual Insurance Company's Motion for Judgment on the Pleadings (Dkt. #24). After reviewing the relevant pleadings, the Court finds that the motion should be **DENIED**.

### BACKGROUND

In early 2020, the COVID-19 pandemic upended normal life. Due to rising infection rates and concerns about public health, state and local authorities across the country responded by implementing measures that temporarily halted business activities. This dispute arises from the pandemic.

Cinemark Holdings, Inc. ("Cinemark") is the third largest movie theater circuit in the United States. To protect its property, Cinemark purchased an "All Risks" insurance policy ("the Policy") from Factory Mutual Insurance Company ("Factory Mutual"). The Policy expressly includes coverage for physical loss or damage by a communicable disease. Cinemark paid over $3.7 million in premiums to Factory Mutual.

In early 2020, the COVID-19 pandemic upended normal life in the United States. COVID-19 is a deadly communicable disease that spreads in several ways, including changing the content of air and the character of surfaces. Over 1,700 Cinemark employees tested positive for, were

exposed to, or displayed symptoms of COVID-19. Most of these employees were on Cinemark property just before testing positive. As a direct result of the damage caused by COVID-19 to its property, Cinemark was forced to close its theaters, incurring business income loss.

Cinemark relied on its insurance coverage and submitted a claim to Factory Mutual on April 20, 2020. The Policy insures "against ALL RISKS OF PHYSICAL LOSS OR DAMAGE, except as hereinafter excluded, while located as described in this Policy." (Dkt. #21, Exhibit 1 at p. 9). The Policy also "insures TIME ELEMENT loss . . . directly resulting from physical loss or damage of the type insured." (Dkt. #21, Exhibit 1 at p. 49). The Policy also lists "Additional Coverages." These include the "Communicable Disease Response"[1] and the "Interruption by Communicable Disease"[2] coverages. The Policy contemplates that communicable diseases can cause loss or damage by excluding "loss or damage caused by or resulting from terrorism" from the Communicable Disease Coverages (Dkt. #21, Exhibit 1 at pp. 34, 69).

Months passed with no response from Factory Mutual. By the time Cinemark sued in November 2021, Factory Mutual had not issued a coverage position.

On March 30, 2021, Factory Mutual filed a Motion for Judgment on the Pleadings (Dkt. #24). Factory Mutual argues that Cinemark has not alleged physical loss or damage, and that the Policy's Contamination Exclusion[3] bars the claims. Factory Mutual relies on this Court's recent

---

[1] The Communicable Disease Response section "covers the reasonable and necessary costs incurred by the Insured . . . for the . . . cleanup, removal and disposal of the actual not suspected presence of **communicable diseases** from the insured property." (Dkt #21, Exhibit 1 at pp. 34-35 (bold in original)).

[2] The Interruption by Communicable Disease section covers "the Actual Loss Sustained and EXTRA EXPENSE incurred by the Insured during the PERIOD OF LIABILITY at such **location** with the actual not suspected presence of **communicable disease**." (Dkt. #21, Exhibit 1 at p. 69 (bold in original)).

[3] "This Policy excludes the following unless directly resulting from other physical damage not excluded by this Policy:
   1) **contamination,** and any cost due to **contamination** including the inability to use or occupy property or any cost of making property safe or suitable for use or occupancy. If **contamination** due only to the actual not suspected presence of **contaminant(s)** directly results from other physical damage not excluded by this Policy, then only physical damage caused by such **contamination** may be insured.
(Dkt. #21, Exhibit 1 at p. 26).

dismissal in *Selery Fulfillment, Inc. v. Colony Ins. Co.*, 4:20-CV-853, 2021 WL 963742 (E.D. Tex. Mar. 15, 2021).

On April 20, 2021, Cinemark responded (Dkt. #37). Cinemark argues the Policy covers loss and damage caused by communicable diseases and that Factory Mutual's reads the communicable disease coverage out of the Policy. On April 27, 2021, Factory Mutual replied (Dkt. #44). On May 3, 2021, Cinemark filed its Sur-Reply (Dkt. #45).

### LEGAL STANDARD

Defendant brings its motion under Federal Rule of Civil Procedure 12(c). The standard for deciding a Rule 12(c) motion for judgment on the pleadings is the same as a Rule 12(b)(6) motion to dismiss. *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177, 180 (5th Cir. 2007). In examining a motion for judgment on the pleadings, therefore, the court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A claim will survive if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain

sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Twombly*, 550 U.S. at 570).  For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct.  *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009).  Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted).

A district court may consider documents attached to a motion to dismiss only if the documents are referred to in the plaintiff's complaint and are central to the plaintiff's claims.  *Scanlan v. Tex*as *A & M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (citing *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000)); *see also Causey v. Sewell Cadillac-Chevrolet*, 394 F.3d 285, 288 (5th Cir. 2004).  The Fifth Circuit has also held that courts are permitted to refer to matters of public record when deciding a motion to dismiss under Rule 12(b)(6).  *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1996).  "[T]aking judicial notice of public records directly relevant to the issue in dispute is proper on a Rule 12(b)(6) review and does not transform the motion into one for summary judgment." *Motten v. Chase Home Fin.*, 2011 WL 2566092 at *2 (S.D. Tex. 2011) (*citing Funk v. Stryker Corp.*, 631 F.3d 777, 780 (5th Cir. 2011)).

**ANALYSIS**

After reviewing the current complaint, the motion, and the response, the Court finds that Cinemark stated plausible claims for purposes of defeating a Rule 12(c) motion.

The Court's recent ruling in *Selery* is distinguishable.  In *Selery*, this Court granted a motion to dismiss where an eCommerce logistics provider sued its insurance provider for a COVID-19 related claim.  4:20-cv-853, 2021 WL 963742 (E.D. Tex. Mar. 15, 2021).  Due to

government orders, Selery ceased business and submitted an insurance claim.  *Id.* at 6.  The claim was denied.  *Id.* at 2.  Selery sued and alleged that COVID-19 and the resulting government orders caused a direct physical loss or damage to its property.  *Id.* at 3.  The Court granted the motion to dismiss because mandatory authority suggests that "physical loss" requires a physical alteration of the property.  *Id.* at 4. (citing *Hartford Ins. Co. of Midwest v. Mississippi Valley Gas Co.*, 181 F. App'x 465, 470 (5th Cir. 2006) ("The requirement that the loss be 'physical,' given the ordinary definition of that term is widely held to . . . preclude any claim against the property insurer when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property.")).  Selery never alleged that COVID-19 entered the property, only that the pandemic prevented Selery from fully utilizing it.  *Id.* at 6.

Here, Cinemark alleges a different harm and is governed by different contract terms.  Unlike Selery, Cinemark alleges that COVID-19 was actually present and actually damaged the property by changing the content of the air.  Cinemark's Policy is much broader than the one in *Selery* and expressly covers loss and damage caused by "communicable disease."  Both parties agree "communicable disease" encompasses COVID-19.  At this stage of the proceedings, *Selery* is distinguishable.  Accordingly, Cinemark has met its burden to defeat the 12(c) motion.

## CONCLUSION

It is therefore **ORDERED** that Defendant Factory Mutual Insurance Company's Motion for Judgment on the Pleadings (Dkt. #24) is hereby **DENIED**.

**SIGNED this 5th day of May, 2021.**

AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

5