# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CINEMARK HOLDINGS, INC. | § § | |
| v. | § § | Civil Action No. 4:21-cv-00011 |
| FACTORY MUTUAL INSURANCE COMPANY | § § § § | Judge Mazzant |

## ORDER

Pending before the Court is Plaintiff Cinemark Holdings, Inc.'s Motion to Strike Defendant's Affirmative Defenses (Dkt. #40). After reviewing the relevant pleadings, the Court finds that the motion should be **DENIED as moot**.

### BACKGROUND

Cinemark Holdings, Inc. ("Cinemark") is the third largest movie theater circuit in the United States. To protect its property, Cinemark purchased an "All Risks" insurance policy ("the Policy") from Factory Mutual Insurance Company ("Factory Mutual"). The Policy expressly includes coverage for physical loss or damage by a communicable disease.

In early 2020, the COVID-19 pandemic upended life in the United States. COVID-19 is a deadly communicable disease that spreads in several ways, including changing the content of air and the character of surfaces. Over 1,700 Cinemark employees tested positive for, were exposed to, or displayed symptoms of COVID-19. Most of these employees were on Cinemark property just before testing positive. As a direct result of the damage caused by COVID-19 to its property, Cinemark was forced to close its theaters, incurring business income loss.

Cinemark relied on its insurance coverage and submitted a claim to Factory Mutual on April 20, 2020. The Policy insures "against ALL RISKS OF PHYSICAL LOSS OR DAMAGE,

except as hereinafter excluded, while located as described in this Policy."  (Dkt. #21, Exhibit 1 at p. 9).  The Policy also "insures TIME ELEMENT loss . . . directly resulting from physical loss or damage of the type insured."  (Dkt. #21, Exhibit 1 at p. 49).  The Policy also lists "Additional Coverages."  These include the "Communicable Disease Response"[1] and the "Interruption by Communicable Disease"[2] coverages.  The Policy contemplates that communicable diseases can cause loss or damage by excluding "loss or damage caused by or resulting from terrorism" from the Communicable Disease Coverages (Dkt. #21, Exhibit 1 at pp. 34, 69).  Months passed with no response from Factory Mutual.  By the time Cinemark sued in November 2021, Factory Mutual had not issued a coverage position.

On April 26, 2021, Cinemark moved to strike Factory Mutual's affirmative defenses (Dkt. #40).  These include an assertion that Cinemark has not met its burden of proving any direct physical loss or damage; failure to comply with conditions precedent; policy terms; misrepresentation and fraud; the communicable disease coverage; waiver and estoppel; laches; and Factory Mutual's reservation to raise additional defenses (*See* Dkt. #40; Dkt. #25 at pp. 36-40).  On May 10, 2021, Factory Mutual responded (Dkt. #49).  On May 17, 2021, Cinemark replied (Dkt. #50).  On May 24, 2021, Factory Mutual filed its Sur-Reply (Dkt. #55).

## LEGAL STANDARD

Rule 12 of the Federal Rules of Civil Procedure provides "the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."

---

[1] The Communicable Disease Response section "covers the reasonable and necessary costs incurred by the Insured . . . for the . . . cleanup, removal and disposal of the actual not suspected presence of **communicable diseases** from the insured property." (Dkt #21, Exhibit 1 at pp. 34-35 (bold in original)).

[2] The Interruption by Communicable Disease section covers "the Actual Loss Sustained and EXTRA EXPENSE incurred by the Insured during the PERIOD OF LIABILITY at such **location** with the actual not suspected presence of **communicable disease**." (Dkt. #21, Exhibit 1 at p. 69 (bold in original)).

FED. R. CIV. P. 12(f).  The Court has the authority to act on its own or pursuant to a "motion made by a party either before responding to the pleading or, if a response is not allowed, within 21 days after being served with the pleading.  FED. R. CIV. P. 12(f)(1–2).

Motions to strike are generally disfavored.  *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards*, 677 F.2d 1045, 1058 (5th Cir. 1982).  Striking pleadings is a drastic remedy and is often sought by a movant as a dilatory tactic.  *See Bailey Lumber & Supply Co. v. Georgia-Pacific Corp.*, 2010 WL 1141133, at *4–5 (S.D. Miss. Mar. 19, 2010) (citing *FDIC v. Niblo*, 821 F. Supp. 441 (N.D. Tex. 1993).  Still, striking certain allegations can be appropriate when the allegations have no possible relation to the controversy and may cause prejudice to one of the parties.  *Jefferson Parish Consol. Garbage Dist. No. 1 v. Waste Mgmt. of La.*, 2010 WL 1731204, at *5 (E.D. La. Apr. 28, 2010) (citing *Boreri v. Fiat S.p.A.*, 763 F.2d 17, 23 (1st Cir. 1985); *Berry v. Lee*, 428 F. Supp. 2d 546, 563 (N.D. Tex. 2006); *McInerney v. Moyer Lumber & Hardware, Inc.*, 244 F. Supp. 2d 393, 401 (E.D. Pa. 2002)).  The Court possesses considerable discretion in ruling on a motion to strike.  *Bailey*, 2010 WL 1141133, at *4–5 (citing *Niblo*, 821 F. Supp. at 449).

A party may seek leave from the Court to amend its pleading under Rule 15(a)(2).  FED. R. CIV. P. 15(a)(2).  Leave should be freely given unless there is a reason, "such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc."  *Foman v. Davis*, 371 U.S. 178, 182 (1962).

**ANALYSIS**

Cinemark moves to strike Factory Mutual's affirmative defenses.  Cinemark argues that Factory Mutual's various defenses do not meet the heightened pleading requirements of Rules 9(b)

and 9(c), are boilerplate, and/or are "mere repetitions of denials." (*See* Dkt. #40 at p. 2). Cinemark also argues that Factory Mutual cannot reserve the right to raise additional affirmative defenses later (Dkt. #40 at pp. 2-3).

Factory Mutual disagrees. Factory Mutual argues its defenses are sufficient given Cinemark's own pleadings and they provide proper notice by relying on the Policy language (Dkt. #49 at pp. 4-5). Alternatively, Factory Mutual asks for leave to amend.

Under Federal Rule of Civil Procedure 15(a)(2), the Court "should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). Here, discovery has not yet begun and there is no evidence of "undue delay, bad faith or dilatory motive[.]" *Foman v. Davis*, 371 U.S. at 182. As Factory Mutual asks for leave to amend, and Cinemark does not explain its opposition, the Court grants Factory Mutual leave to amend. Factory Mutual shall amend its defenses to provide adequate notice under Rules 8(b) and 9, as appropriate, and to avoid boilerplate language. This includes identifying the Policy language relevant to Factory Mutual's condition precedent defense.

As the Court grants Factory Mutual leave to amend its defenses, Cinemark's motion to strike is denied as moot.

## CONCLUSION

It is therefore **ORDERED** that Plaintiff Cinemark Holdings, Inc.'s Motion to Strike Defendant's Affirmative Defenses (Dkt. #40) is hereby **DENIED as moot**. It is hereby **ORDERED** that Factory Mutual shall have leave to amend its pleadings within two weeks.

**IT IS SO ORDERED.**

SIGNED this 4th day of June, 2021.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE