THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CINEMARK HOLDINGS, INC.; | § | |
| CINEMARK USA, INC.; CNMK TEXAS | § | |
| PROPERTIES, LLC; CENTURY | § | |
| THEATERS, INC.; CINEMARK | § | |
| PARTNERS II, LTD.; GREELEY, LTD.; | § | |
| and LAREDO THEATRE, LTD. | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:21-CV-11-ALM |
| | § | |
| v. | § | |
| | § | |
| FACTORY MUTUAL INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | |

**AGREED PROTECTIVE ORDER**

Pending before the Court is the Agreed Motion for Entry of Protective Order (Dkt. #67).

It is hereby **GRANTED**.  WHEREAS Cinemark Holdings, Inc.; Cinemark USA, Inc.; CNMK

Texas Properties, LLC; Century Theaters, Inc.; Cinemark Partners II, Ltd.; Greeley, Ltd.; and

Laredo Theatre, Ltd. ("**Plaintiffs**") and Factory Mutual Insurance Company ("**Defendant**"),

collectively "Parties," believe that certain information that is or will be encompassed by

discovery demands by the Parties involves the production or disclosure of trade secrets,

confidential business information, or other proprietary information; and

WHEREAS, the Parties seek a protective order limiting disclosure thereof in accordance

with Federal Rule of Civil Procedure 26(c), and have stipulated to the language of this

Agreed Protective Order;  **IT IS THEREFORE ORDERED THAT:**

**PURPOSES AND LIMITATIONS**

The purpose of this Stipulated Protective Order is to provide a means for limiting access

to, and the use and disclosure of, protected documents and information that are produced in this

action.  The **Parties** acknowledge that this Order does not confer blanket protections on all

disclosures or responses to discovery, and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The **Parties** further acknowledge that any **Party** seeking to seal **Documents** filed with the Court shall be required to comply with Local Rule CV-5(a) and CV-7 concerning Sealed **Documents**.

## DEFINITIONS

A. Information, Records, **Documents** or testimony designated as "**Confidential**" or "**Confidential Information**" or "**Confidential Material**," shall be fully protected by the terms of this Order. All portions of transcripts, depositions, exhibits, or other pleadings or filings in this action which contain or otherwise set forth **Documents**, information, or other materials, or contents thereof, which have been previously designated as **Confidential**, shall likewise be subject to the terms of this Order;

B. "**Communicate**" (or variants) means to disclose, show, give, list, describe, provide, make available, furnish or allow exposure of information in any fashion to any person, including without limitation any mailing, faxing, hand delivery, photograph, electronic, digital or any other duplication or distribution method;

C. "**Copy**" or "**Copies**" means reproductions made through any process, including but not limited to photocopying or photographic, any form of reproduction, manual recopying, microfilm, dictation, or mechanical, visual, digital or electronic duplication which in any way attempts to produce the substance, form, or content of information;

D. "**Designating Party**" shall mean any **Party** or **Non-Party** who designates any material or information under this Stipulated Protective Order as **Confidential**;

E. "**Document**" or "**Documents**" includes all written, recorded, digital, electronic or graphic material, whether produced or created by a **Party**, **Non-Party**, or another person and whether produced pursuant to formal or informal discovery, pursuant to

subpoena, by agreement or otherwise, and includes both those items of a tangible nature

and any digital or computer files;

F.   "**Party**" means any natural person, or any legal or business entity, profit or nonprofit

organizations, or any governmental agency;

G.   "Producing Party" means the Party who produced Confidential Material, Documents,

or Information;

H.   "**Conclusion of this litigation**" shall be deemed to be the entry of final judgment herein

after the completion and exhaustion of all appeals, rehearings, remands, trials, or

reviews of this action, including the time limits for filing any motions or applications

for extension of time pursuant to applicable law or a dismissal following settlement;

I.   "**Professional Vendors**" include **Persons** or entities that provide litigation support

services (e.g., photocopying, videotaping, translating, preparing exhibits or

demonstrations, and organizing, storing, or retrieving data in any form or medium) and

their employees and sub-contractors;

J.   "**Non-Party**" means any person or entity not named in this litigation;

K.   "Receiving Party" means the party who receives Confidential Material, Documents, or

Information;

L.   "**Requesting Party**" means the party that issued the discovery request that caused the

**Producing Party** to produce **Confidential Material**, **Documents**, or **Information**.

## RESTRICTIONS

1.      During the course of litigation, any **Party** may seek to have **Documents** classified

as "**Confidential**."  **Confidential Material** includes, but is not limited to: (a) a trade secret; (b)

sensitive marketing, merchandising, corporate, or financial information; (c) private information

regarding the **Parties**, affiliated entities, or a third party; (d) personnel records; or (e) any **Document**

subject to a confidentiality agreement. **Confidential Material** may be designated by any **Party** as

being subject to the provisions of this Stipulated Protective Order. Any **Party** or **Non-Party**

("**Designating Party**") may designate as **Confidential** any material if the **Party** or **Non-Party** in good faith believes that it contains **Confidential** commercial, financial, proprietary, or personal information. Such designation shall be made in good faith and with legitimate grounds when made. Failure to designate in this manner is sanctionable by the court.

2.      **Confidential Documents** and the information contained therein shall be used by the **Parties** and those **Persons** identified in Paragraph 5 (**Covered Persons**) only for the purpose of the prosecution or defense of this captioned action, and shall not be **Communicated** in any manner to anyone other than those **Covered Persons** identified in Paragraph 5, without order of the Court. Each and every **Confidential Document** produced (including **Copies,** excerpts, digests, summaries or indices thereof) by a **Party** or **Non-Party** shall be clearly marked and identified with the following legend, or one substantially similar.

**CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER**
**U.S.D.C. E.D. Tex. (Sherman Division) Civil Action No. 4:21-CV-11-ALM**

3.      In the event any **Party** or **Non-Party** creates a computer database, disk, compact disk, drive, digital or other electronic record containing **Confidential Documents** or information, the **Party** or **Non-Party** creating such an electronic record shall mark the database, disk, case or envelope containing the material with the language contained in this Paragraph 3.  **Documents** printed from such electronic media shall be marked the same as **Documents** originally produced on paper.

If corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the **Designating Party**'s right to secure protection under this Order for such material.  Upon correction of a designation, the **Receiving Party** must take reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.  If it comes to a **Designating Party**'s attention that information or items that it designated for protection do not qualify for protection, that **Designating Party** must promptly notify all other **Parties** that it is withdrawing the mistaken designation.

4.       **Confidential Documents** and information shall not be given, shown, made available, discussed, or otherwise **Communicated** in any way except to a "**Covered Person**." **Covered Persons** are defined as follows:

a.       The Court or Courts in which this litigation is being pursued;

b.       The **Party** including their respective officers, directors and managing employees, and/or a **Person** employed by a corporate **Party** who is participating in the prosecution and/or defense of this litigation and the preparation of this case;

c.       The attorneys of record for the **Parties** and their associated attorneys, including in-house attorneys in charge of monitoring this litigation and the employees of any such attorneys;

d.       Independent consultants, or other independent experts retained by a **Party** or an attorney of record to assist in the preparation of this litigation, and who have signed Exhibit A;

e.       Court reporters and their staff, professional jury or trial consultants, mock jurors, mediators, and Professional Vendors to whom disclosure is reasonably necessary for this litigation;

f.       During depositions, witnesses in the action to whom disclosures is reasonably necessary who are authors or recipients of those whose testimony is reasonably expected by the examining party to pertain to the subject of the document, unless otherwise agreed by the **Party** designating the document as **Confidential** or ordered by the court;

g.       Jurors in this action, with respect to any claims triable to a jury; and

h.       Insurance regulatory authorities, reinsurers, auditors or others as may be required by law or by court order.

5.       With respect to deposition testimony relating to or discussing a **Party**'s **Confidential Information**, the testimony shall correspondingly be considered **Confidential Material**, including any deposition exhibits containing **Confidential Material** and the transcript

of any such depositions shall be stamped "CONFIDENTIAL." The court reporter and videographer, if any, for any such deposition, shall be provided a copy of this Order by the **Party** who asserts confidentiality at the deposition, shall acknowledge this Order on the record and shall not disclose to anyone any deposition testimony or exhibit in this case, other than those specified in Paragraph 4 for **Confidential** Material.  Any **Party** may appropriately designate transcripts of depositions as containing **Confidential Material** after transcription as in the case of any other documents or information, provided that notice of such designation is given to the other **Party** within fourteen (14) days after receipt of the final transcript.

6. Except as otherwise permitted under Paragraph 4, **Confidential Documents** and information shall not be given, shown, made available, discussed or otherwise **Communicated** to anyone other than the attorneys of record for a **Party** without first informing that other person of the contents of this Order.  In the case of **Persons** specified in 4(d) herein above, counsel shall obtain from such **Person** a signed acknowledgment, in the form attached hereto as Exhibit A. Counsel making such disclosure shall retain the original acknowledgment (Exhibit A).

7. Any **Party** may challenge a **Confidential** designation at any time.

a. Unless a prompt challenge to a **Designating Party's Confidential** designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or significant disruption or delay of the litigation, a **Party** does not waive its right to challenge a **Confidential** designation by electing not to mount a challenge promptly after the original designation is disclosed.  However, the **Parties** agree that all challenges to a **Designating Party's Confidential** designations of materials produced in this litigation, including transcripts and productions from non-parties, must be communicated to the Court no later than no later than thirty days after the close of discovery deadline in the Court's Scheduling Order in this action, or within thirty (30) business days

after receipt of the **Designating Party's Confidential Material** designation, whichever shall occur later.

b.      The **Party** challenging a **Confidential** designation (the "**Challenging Party**") shall initiate the dispute resolution process by providing written notice of each designation it is challenging whereupon the **Designating Party** must set forth the basis of the **Confidential** designation within seven (7) days.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to **Confidential** designation(s) is being made.  The **Parties** shall attempt to resolve each challenge in good faith and must begin this process by conferring directly (in voice-to-voice dialog; other forms of communications are not sufficient) within seven (7) days of the date of service of the initial notice.  In conferring, the **Designating Party** must explain the basis for its belief that the **Confidential** designation was proper whereupon the **Challenging Party** must explain the basis for any challenge to the designation.  After having an opportunity to review the challenge and the designated material, the **Designating Party** must either withdraw or maintain the designation.

c.      If an informal resolution cannot be reached, it shall be the burden of the **Challenging Party**, to seek any appropriate relief within seven (7) days of a declaration of impasse by the **Challenging Party**. All **Parties** shall continue to afford the material in question the level of protection to which it is entitled under the **Designating Party**'s designation while any challenge or subsequent motion is pending.  The burden of persuasion in any such proceeding shall be on the **Designating Party**.  All **Parties** agree to abide by the resolution determined by the Court.  A failure by the **Challenging Party** to seek relief within the prescribed time period in this Order shall result in a waiver of that **Party**'s challenge.

8.      All writings submitted to or filed with the Court in connection with any pre-trial proceedings which contain, set forth, summarize or otherwise disclose **Confidential Documents**

shall be filed under seal and such **Documents** shall not be publicly available, except by further order of this Court.   The **Parties** acknowledge Local Rule CV-5(a)(7) governs the filing of **Documents** under seal.

9.       At the trial of this cause, the **Parties** agree that the protection of the confidentiality of **Confidential Documents** shall continue to the maximum extent permitted by the Court, pursuant to such procedures as the Court may require.

10.      If any **Party** or **Person** that has obtained **Confidential Documents** under the terms of this Order receives a subpoena or other legal process commanding the production of any such **Confidential Documents** ("the Subpoena"), such **Party** or **Person** shall promptly notify the **Designating Party** of the service of the Subpoena.  The **Party** or **Person** receiving the Subpoena shall not produce any **Confidential** Document in response to the Subpoena without either the prior written consent of the **Producing Party**, or an order of a court of competent jurisdiction.  However, the **Producing Party** in such case shall have the burden of seeking a court order relieving the subpoenaed **Party** or **Person** of the obligations of the Subpoena prior to the return date of such Subpoena, or the subpoenaed **Person** or **Party** shall be relieved of its obligations under this paragraph.

11.      The inadvertent production in the course of discovery in this action of any **Document** or information (whether designated as **Confidential** or not) shall not be deemed to waive whatever attorney-client privilege, work product protection, or other privilege or immunity that would otherwise attach to the **Document** or information produced or to other **Documents** or information, as long as the **Producing Party** or **Person**, promptly after discovery of the inadvertent production, notifies the other **Party** or **Parties** of the claim of privilege or other protection or immunity.  When a **Producing Party** gives notice to **Receiving Parties** that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the **Receiving Parties** are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in

any e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the **Parties** reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the **Parties** may incorporate their agreement in this Order submitted to the Court.

12.     The terms of this Order are applicable to information produced by a **Non-Party** in this action and designated as **Confidential**.  Such information produced by **Non-Parties** in connection with this litigation is protected by the remedies and relief provided by this Order, and shall not be Communicated in any manner to anyone other than those **Persons** identified in Paragraph 4 for **Confidential Documents**, without order of the Court after due notice to the **Non-Party**.  Nothing in these provisions should be construed as prohibiting a **Non-Party** from seeking additional protections.

13.     In the event that a **Producing Party** is required, by a valid discovery request from a **Requesting Party**, to produce a **Non-Party**'s confidential information in its possession, and the **Producing Party** is subject to an agreement with the **Non-Party** to not produce the **Non-Party**'s confidential information entered before this action commenced, then the **Producing Party** shall:

a.     Promptly notify in writing the **Requesting Party** and the **Non-Party** that some or all of the information requested is subject to a confidentiality agreement with a **Non-Party**, including identifying that confidentiality agreement and providing a copy of that confidentiality agreement to the **Requesting Party**;

b.     Promptly provide the **Non-Party** with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s); and a reasonably specific description of the information requested; and

c.     Make the information requested available for inspection by the **Non-Party**.

If the **Non-Party**, or the **Producing Party** on the **Non-Party**'s behalf, fails to object or seek a protective order from this Court within fourteen (14) calendar days' notice to the

**Non-Party** of the discovery request, the **Producing Party** may produce the **Non-Party**'s confidential information responsive to the discovery request.  If the **Non-Party**, or the **Producing Party** on the **Non-Party**'s behalf, timely objects, the **Producing Party** shall not produce any information in its possession or control that is subject to the confidentiality agreement with the **Non-Party** before a determination by the Court.[1] If an informal resolution cannot be reached, it shall be the burden of the **Requesting Party** to seek any appropriate relief.  The burden of persuasion in any such proceeding shall be on the **Non-Party**. Frivolous objections to legitimate discovery requests may subject a **Non-Party** to sanctions.

14.     If a **Receiving Party** learns that, by inadvertence or otherwise, it has disclosed **Confidential Documents** to any person or in any circumstances not authorized under this Stipulated Protective Order, the **Receiving Party** must as soon as practicable: (a) notify in writing the **Designating Party** of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or **Persons** to whom unauthorized disclosures were made of all of the terms of this Order, and (d) request such person or **Persons** to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit "A."

15.     The protections conferred by this Stipulation and Order do not cover the following information:  (a) any information that is in the public domain at the time of disclosure to a **Receiving Party** or becomes part of the public domain after its disclosure to a **Receiving Party** as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; (b) any information known to the **Receiving Party** prior to the disclosure or obtained by the **Receiving Party** after the disclosure from a source who

---

[1] The Purpose of this provision is to alert the interested **Parties** to the existence of confidentiality rights of a **Non-Party** and to afford the **Non-Party** an opportunity to protect its confidentiality interests in this Court.

obtained the information lawfully and under no obligation of confidentiality to the **Designating Party**; and (c) a **Party**'s use of its own **Confidential Documents** and information.

16.     Within ten (10) days after the **Conclusion of this litigation**, unless the Court orders otherwise, Counsel for any **Party** who receives **Confidential Documents** from the other **Party** shall notify in writing Counsel for the other **Party** of the total number of Exhibit A's Counsel caused to be executed pursuant to Paragraph 5(d).

17.     Within twenty-one (21) days after the **Conclusion of this litigation**, unless the Court orders otherwise, Counsel for any **Party** who received **Confidential Documents** shall request from all **Persons** to whom **Confidential Documents** have been provided an affidavit in the form of Exhibit B hereto.  The request shall include notification to the recipients that the litigation has concluded. Copies of such requests shall be sent to the other **Party**.

18.     At the final **Conclusion of this litigation**, including any and all appeals, and only, all **Confidential Documents** shall be handled as follows, at the discretion of the **Receiving Party:**

a.     **Confidential Documents** filed with the Court or otherwise admitted into the record of this case or which any **Party** is otherwise instructed by the Court to maintain, shall be maintained in accordance with all applicable laws, rules, orders or instructions requiring that such documents be preserved, after which such **Confidential Documents** shall be Destroyed;

b.     **Confidential Documents** that the **Receiving Party** is obligated to maintain for reasons other than those under Paragraph 18.a., above, shall be maintained by the **Receiving Party** under the protections set forth in this Order for the duration of time that the **Receiving Party** is required to keep such **Confidential Documents,** after which such **Confidential Documents** shall be Destroyed; or

c.     Upon request of the **Producing Party** made within a reasonable time, **Confidential Documents** in the possession of the **Receiving Party** that are not subject to Paragraphs 18.a. or 18.b., above, shall be destroyed.

19.     Nothing in this Order shall limit or otherwise affect:

a.     The rights of any **Party** to object to any further production or use at trial of **Confidential Documents** or the information contained therein; or

b.     the rights of any **Party** to seek a more restrictive treatment of highly **Confidential Information**.

20.     At the **Conclusion of this litigation**, the Court shall retain jurisdiction in the case for enforcement of this Order. At the **Conclusion of this litigation**, counsel for a **Producing Party** shall not be entitled to inspect and **Copy** those **Documents** previously filed under seal with the Court pursuant to this Order unless the Court determines the **Producing Party** has shown "Good Cause" to inspect and Copy said materials. An example of "Good Cause" may include the **Producing Party**'s documentation of a violation of this Order by submitting an affidavit to the Court showing that not all of the **Documents** covered by this Order were returned or destroyed as provided by this Order.  "Good Cause" may also include a **Producing Party's** documentation of a violation of this Order by submitting an affidavit to the Court showing that the **Documents** governed by this Order were being utilized in a manner not permitted by this Order. At least ten (10) days prior to any hearing on the issue of whether a **Producing Party** has shown "Good Cause," the **Producing Party** shall notify in writing all counsel of record of the **Producing Party's** attempt to establish "Good Cause" with the Court so as to permit the **Producing Party** to inspect and Copy those materials previously filed under seal with the Court.

21.     By their signature upon the stipulation for the entry of this Order and their signatures below, counsel for the **Parties** signify their understanding of this Order and their agreement to abide by its terms unless and until it is modified or superseded by further order of this Court. The attorneys of record are responsible for employing reasonable measures, consistent with this Order, to control duplication of, access to and distribution of **Copies** of **Confidential Information** and to collect or destroy all **Documents** at the **Conclusion of this litigation**.  Nothing in this Stipulation shall restrict the right of counsel to any **Party** in this litigation to retain copies

of all pleadings and work files generated in the course of this litigation, including after the **Conclusion of this litigation**.

22.      Designation of a **Document** as "**Confidential**" as defined in Paragraph 1, shall not waive the rights of any **Party** to argue, in Court hearings or trial for the above captioned matter, that the **Document** designated as **Confidential**, is not legally **Confidential** and/or a trade secret. Unless the parties agree otherwise, evidence of the existence or nonexistence of a designation under this Protective Order shall not be admissible for any purpose. Nothing in this Protective Order shall operate as an admission that any particular document or item of information is, or is not, admissible in evidence at the trial of this action.

**IT IS SO ORDERED.**

**SIGNED this 22nd day of June, 2021.**


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE

## UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| CINEMARK HOLDINGS, INC., ET AL.; | § | |
| | § | |
| Plaintiffs, | § | CIVIL ACTION NO. 4:21-CV-11-ALM |
| | § | |
| v. | § | |
| | § | |
| FACTORY MUTUAL INSURANCE | § | |
| COMPANY | § | |
| | § | |
| Defendant. | § | |

## [PROPOSED] PROTECTIVE ORDER

The Court, having read and considered the Stipulation and [Proposed] Protective

Order, filed on _____, 2021 (Dkt. ___) (the "Stipulation"), and for the reasons set forth

in the Stipulation and for good cause shown, hereby APPROVES the Stipulation.

SO ORDERED this day, the _____ of _____ 2021.


_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE


Prepared and submitted by:


_____
Michael S. Levine
HUNTON ANDREWS KURTH LLP
*Attorneys for Plaintiffs Cinemark Holding, Inc.,*
*et al.*


– and –


_____
Thomas H. Cook, Jr.
ZELLE LLP
*Attorneys for Defendant Factory Mutual*
*Insurance Company*

**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CINEMARK HOLDINGS, INC.;<br>CINEMARK USA, INC.; CNMK TEXAS<br>PROPERTIES, LLC; CENTURY<br>THEATERS, INC.; CINEMARK<br>PARTNERS II, LTD.; GREELEY, LTD.;<br>and LAREDO THEATRE, LTD.<br><br>      Plaintiffs,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE<br>COMPANY<br><br>      Defendant. | § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 4:21-CV-11-ALM |

**EXHIBIT A TO STIPULATION FOR PROTECTIVE ORDER**

The undersigned states subject to the penalties for perjury:

1.      I was retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or a consultant.

2.      I have been furnished a copy of the Protective Order entered in this case restricting the use of **Confidential** information.

3.      I promise to abide by the Protective Order with respect to **Confidential** documents and information furnished to me in this litigation.

4.      I recognize that abiding by the Protective Order in this litigation mandates that any and all **Confidential** information, documents or material be used only for the purpose of the prosecution or defense of this captioned action, and that use of such **Confidential** information, documents or material for any other purposes or in any other contexts migh subject me to liability to the **Producing Party** and/or others.

5.      As a condition to receipt of documents marked **Confidential** in this litigation, I consent to personal jurisdiction over me in the United States District Court District of Nevada, solely for the purpose of enforcing the Protective Order.

Dated: _____, 20__   Signed: _____

_____
Print Name

_____
Street Address

_____
City, State, Zip Code

**THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| CINEMARK HOLDINGS, INC.;<br>CINEMARK USA, INC.; CNMK TEXAS<br>PROPERTIES, LLC; CENTURY<br>THEATERS, INC.; CINEMARK<br>PARTNERS II, LTD.; GREELEY, LTD.;<br>and LAREDO THEATRE, LTD.<br><br>      Plaintiffs,<br><br>v.<br><br>FACTORY MUTUAL INSURANCE<br>COMPANY<br><br>      Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 4:21-CV-11-ALM |

**EXHIBIT B TO STIPULATION FOR PROTECTIVE ORDER**

The undersigned states subject to the penalties for perjury:

1.      I was retained by a party to this litigation or by a party's counsel of record to offer analysis or advice, either as an expert witness or a consultant.

2.      I have been furnished a copy of the Protective Order entered in this case restricting the use of confidential information.

3.      I have received notice that this litigation has concluded.

4.      I certify that I have [destroyed] [returned] all of the documents protected by the Protective Order, including the documentary materials reflecting information contained in or derived from such documents.

Dated: _____, 20__   Signed: _____

_____
Print Name

_____
Street Address

_____
City, State, Zip Code