# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CINEMARK HOLDINGS, INC., *et al.*, § <br> § <br> *Plaintiffs*, § <br> § <br> v. § <br> § <br> FACTORY MUTUAL INSURANCE § <br> COMPANY, § <br> § <br> *Defendant*. § | Civil Action No. 4:21-CV-00011 <br> Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion to Compel Initial Disclosures (Dkt. #35). Having considered the Motion, the Court finds it should be **GRANTED IN PART.**

### BACKGROUND

Cinemark Holdings, Inc. ("Cinemark") is the third largest movie theater circuit in the United States. To protect its property, Cinemark purchased an "All Risks" insurance policy ("the Policy") from Factory Mutual Insurance Company ("Factory Mutual"). The Policy expressly includes coverage for physical loss or damage by a communicable disease. Cinemark paid over $3.7 million in premiums to Factory Mutual.

In early 2020, the COVID-19 pandemic upended normal life in the United States. COVID-19 is a deadly communicable disease that spreads in several ways, including changing the content of air and the character of surfaces. Over 1,700 Cinemark employees tested positive for, were exposed to, or displayed symptoms of COVID-19. Most of these employees were on Cinemark property just before testing positive. As a direct result of the damage caused by COVID-19 to its property, Cinemark was forced to close its theaters, incurring business income loss.

Cinemark relied on its insurance coverage and submitted a claim to Factory Mutual on April 20, 2020.  The Policy insures "against ALL RISKS OF PHYSICAL LOSS OR DAMAGE, except as hereinafter excluded, while located as described in this Policy." (Dkt. #21, Exhibit 1 at p. 9).  The Policy also "insures TIME ELEMENT loss . . . directly resulting from physical loss or damage of the type insured." (Dkt. #21, Exhibit 1 at p. 49).  The Policy also lists "Additional Coverages." These include the "Communicable Disease Response"[1] and the "Interruption by Communicable Disease"[2] coverages.  The Policy contemplates that communicable diseases can cause loss or damage by excluding "loss or damage caused by or resulting from terrorism" from the Communicable Disease Coverages (Dkt. #21, Exhibit 1 at pp. 34, 69).

Months passed with no response from Factory Mutual.  By the time Cinemark sued in November 2021, Factory Mutual had not issued a coverage position.

On February 2, 2021, the Court entered an order requiring the parties to complete their initial mandatory disclosures by March 5, 2021 (Dkt. #13 at p. 1).  On February 22, 2021, Cinemark sent a letter to Factory Mutual providing "examples of the categories of documents that Cinemark expects to receive" (Dkt. #35, Exhibit 1 at p. 2).  Those categories are:

(1) The drafting of the disputed policy wording and underwriting of the Policy;

(2) Factory Mutual's investigation and handling of the claim;

(3) Governing procedure manuals (claims and underwriting);

(4) Representations to state regulators that inform the meaning of the policy wording;

---

[1] The Communicable Disease Response section "covers the reasonable and necessary costs incurred by the Insured . . . for the . . . cleanup, removal and disposal of the actual not suspected presence of **communicable diseases** from the insured property." (Dkt #21, Exhibit 1 at pp. 34-35 (bold in original)).

[2] The Interruption by Communicable Disease section covers "the Actual Loss Sustained and EXTRA EXPENSE incurred by the Insured during the PERIOD OF LIABILITY at such **location** with the actual not suspected presence of **communicable disease**." (Dkt. #21, Exhibit 1 at p. 69 (bold in original)).

    (5) Factory Mutual's knowledge of COVID-19 and Cinemark's loss; and

    (6) Information about other similar COVID-19 claims.

(Dkt. #35 at p. 4).³ Factory Mutual objected to these categories as irrelevant and unreasonable (Dkt. #35, Exhibit 2 at p. 1).

On April 16, 2021, the Court heard the dispute and permitted Cinemark to file a motion to compel (Dkt. #33). On April 19, 2021, Cinemark moved to compel production of the requested information, prohibit Factory Mutual from relying on those withheld materials, and for Cinemark's associated costs and fees (Dkt. #35). On May 10, 2021, Factory Mutual responded (Dkt. # 48). On May 17, 2021, Cinemark replied (Dkt. #51). On May 24, 2021, Factory Mutual filed its Sur-Reply (Dkt. #56).

## LEGAL STANDARD

Federal Rule of Civil Procedure 26(a)(1) describes a party's initial disclosure requirements. A party must provide to the other parties, without awaiting a discovery request, "the name and, if known, the address and telephone number of each individual likely to have discoverable information—along with the subjects of that information—that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment." FED. R. CIV. P. 26(a)(1)(A)(i). The initial disclosure must be supplemented later in the proceedings if the party learns that the disclosure made "is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." FED. R. CIV. P. 26(e)(1)(A).

The Court's scheduling order requires that the parties produce, as part of their initial disclosure, "documents containing, information 'relevant to the claim or defense of any party.'"

---

³ Cinemark moved to compel production of "Reserves and reinsurance pertinent to this claim." In its response, Factory Mutual agreed to produce this information. This specific dispute is now moot.

3

(Dkt. #26 at p. 4). Moreover, the Local Rules of the Eastern District of Texas provide further guidance suggesting that information is "relevant to any party's claim or defense [if]: (1) it includes information that would not support the disclosing parties' contentions; . . . (4) it is information that deserves to be considered in the preparation, evaluation or trial of a claim or defense. . . ." LOCAL RULE CV-26(d). It is well established that "control of discovery is committed to the sound discretion of the trial court." *Freeman v. United States*, 556 F.3d 326, 341 (5th Cir. 2009) (quoting *Williamson v. U.S. Dep't of Agric.*, 815 F.2d 368, 382 (5th Cir. 1987)).

Federal Rule of Civil Procedure 37 states that if a party does not provide information or disclose a witness as required by Rule 26(a) and (e), the party may not use that information or witness to supply evidence at trial, "unless the failure was substantially justified or is harmless." FED. R. CIV. P. 37(c)(1). To determine whether a failure to disclose was substantially justified or harmless, the Court must consider four factors: (1) the importance of the matter that was not disclosed; (2) the prejudice to the opposing party; (3) the possibility of curing such prejudice with a continuance; and (4) the explanation for the party's failure to disclose. *Primrose Op. Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004).

## ANALYSIS

Cinemark asks the Court to compel Factory Mutual to produce large volumes of documents for initial disclosures. Factory Mutual argues that Cinemark's requests are irrelevant and unduly burdensome. The Court finds that the requested information is relevant to the dispute and so must be produced under the Eastern District's broad discovery rules.[4] However, the Court will not penalize Factory Mutual because it would have been extremely burdensome for Factory Mutual to produce the large volume of requested information by the initial disclosure deadline. The Court

---

[4] While Cinemark is correct that "formal document requests in the Eastern District of Texas are unnecessary," most parties still use formal requests (Dkt. #35, Exhibit 2 at p. 1).

therefore grants Cinemark's motion to compel and orders Factory Mutual to timely supplement its initial disclosures with relevant information.

I.     **The Information is Relevant**

The six categories of requested information are relevant because they relate to the central insurance coverage dispute.

First, the underwriting and drafting history of the Policy is relevant because it relates to Factory Mutual's intent and understanding of the Policy (*See* Dkt. #35 at pp. 7-8). *See Union Pac. Res. Co. v. Aetna Cas. & Sur. Co.*, 894 S.W.2d 401, 405 (Tex. App.—Fort Worth 1994, writ denied) (holding that trial court should have permitted discovery to determine the intent of the parties from insurance drafting history). The parties dispute whether the Policy covers Cinemark's COVID-19 damage. The Policy's history may shed light on which interpretation of the Policy is most reasonable. *See id.*

Second, Factory Mutual's investigation and handling of the claim is relevant because the parties dispute whether Factory Mutual investigated in good faith. *See Tim Long Plumbing, Inc. v. Kinsale Ins. Co.*, No. 4:20-CV-00042, 2020 WL 6559869, at *5 (E.D. Tex. Nov. 9, 2020) (finding such evidence relevant where insurer claimed it properly investigated and denied plaintiff's claim).

Third, Factory Mutual's governing procedure manuals are relevant to the disputed issue of whether Factory Mutual followed industry custom and its own internal guidelines for investigating Cinemark's claim. *See Beck v. Allstate Vehicle & Prop. Ins. Co.*, 3:16-CV-3244-D-BK, 2017 WL 11496870, at *3 (N.D. Tex. Sept. 25, 2017) ("Defendant's claims handling manuals are relevant, as the adjusters' compliance with Defendant's manuals speaks to the reasonableness of the adjusters' evaluation of the Claim and are relevant to the existence of bad faith."). These manuals

are also relevant to show if Factory Mutual used COVID-19 "Talking Points" in bad faith to systematically decline claims. *See id.*

Fourth, Factory Mutual's representations to state regulators about the meaning of the disputed policy are relevant because they may suggest the Policy can be reasonably interpreted multiple ways. *See Union Pac. Res.*, 894 S.W.2d at 405 (holding that trial court should have permitted discovery to determine the intent of the parties from insurance regulatory history).

Fifth, Factory Mutual's understanding of how COVID-19 affects property is relevant because the parties dispute how COVID-19 impacted Cinemark's property under the Policy.

Sixth, information about other COVID-19 claims under the same policy wording is relevant to Cinemark's allegation that Factory Mutual used the Talking Points to uniformly deny COVID-19 claims.

The Court find Cinemark's requested information is relevant. This Court's local rules requires parties to disclose all information that is "relevant to any party's claim or defense." *See* LOCAL RULE CV-26(d). Factory Mutual has a duty to disclose this information.

## II. Factory Mutual's Untimely Disclosures Are Harmless

While the information is relevant, it would have been extremely burdensome for Factory Mutual to produce it by the initial disclosure deadline. Cinemark asked Factory Mutual to produce "all documents" relevant to a $400 million dispute with ten days' notice (Dkt. #35, Exhibit 1 at p. 1). This is likely thousands of documents requiring thousands of hours of review and compilation. Producing all relevant documents, as Cinemark requests, would compress the months-long discovery process into the first few weeks of the case. It is unrealistic to expect such a large disclosure in such a brief time.

6

For example, Cinemark asks Factory Mutual to produce "All Documents Concerning any claim related to the SARS-CoV-2 or COVID-19 for which FM denied coverage in whole or in part based on the absence of physical loss or damage" (Dkt. #35, Exhibit 1 at p. 8). Factory Mutual receives over 10,000 claims a year and does not maintain its claim files based on policy terms or exclusions (Dkt. #48 at p. 15). To respond, Factory Mutual would need to manually review at least 1,900 claim files, requiring hundreds of hours (Dkt. #48 at p. 15). Cinemark requested this information be produced within ten days (Dkt. #48, Exhibit 1 at p. 1). Although this is relevant information to Cinemark's claims of bad faith, it would be challenging to produce the information so quickly.

The Court finds that Factory Mutual's failure to disclose was harmless. If a party fails to make initial disclosures, they cannot use that evidence in their case, unless the Court finds such failure was harmless (Dkt. #13 p. 4 (Order Governing Proceedings)). Although Factory Mutual did not produce all relevant information, Cinemark was not harmed by the delay. Factory Mutual will continue to supplement its initial disclosure in a timely fashion. This will provide Cinemark with adequate access to the requested information without overburdening Factory Mutual. Considering this, the Court finds it would be unnecessarily harsh to bar Factory Mutual from presenting any evidence related to these broad categories.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion to Compel Initial Disclosures (Dkt. #35) is hereby **GRANTED IN PART**.

It is further **ORDERED** that Factory Mutual shall produce the requested information by supplementing its initial disclosures within **thirty days**.

**IT IS SO ORDERED.**

**SIGNED this 29th day of June, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE