# UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CINEMARK HOLDINGS, INC., *et al.*, § § *Plaintiffs*, § § v. § § § Civil Action No. 4:21-CV-00011 FACTORY MUTUAL INSURANCE § Judge Mazzant COMPANY, § § *Defendant.* § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Opposed Motion for Leave to File an Amended Complaint (Dkt. #58).  Having considered the Motion, the Court finds it should be **GRANTED**.

### BACKGROUND

Cinemark Holdings, Inc. ("Cinemark") is the third largest movie theater circuit in the United States. To protect its property, Cinemark purchased an "All Risks" insurance policy ("the Policy") from Factory Mutual Insurance Company ("Factory Mutual"). The Policy expressly includes coverage for physical loss or damage by a communicable disease. Cinemark paid over $3.7 million in premiums to Factory Mutual.

In early 2020, the COVID-19 pandemic upended normal life in the United States. COVID-19 is a deadly communicable disease that spreads in several ways, including changing the content of air and the character of surfaces. Over 1,700 Cinemark employees tested positive for, were exposed to, or displayed symptoms of COVID-19. Most of these employees were on Cinemark property just before testing positive. As a direct result of the damage caused by COVID-19 to its property, Cinemark was forced to close its theaters, incurring business income loss.

Cinemark relied on its insurance coverage and submitted a claim to Factory Mutual on April 20, 2020. The Policy insures "against ALL RISKS OF PHYSICAL LOSS OR DAMAGE, except as hereinafter excluded, while located as described in this Policy." (Dkt. #21, Exhibit 1 at p. 9). The Policy also "insures TIME ELEMENT loss . . . directly resulting from physical loss or damage of the type insured." (Dkt. #21, Exhibit 1 at p. 49). The Policy also lists "Additional Coverages." These include the "Communicable Disease Response"[1] and the "Interruption by Communicable Disease"[2] coverages. The Policy contemplates that communicable diseases can cause loss or damage by excluding "loss or damage caused by or resulting from terrorism" from the Communicable Disease Coverages (Dkt. #21, Exhibit 1 at pp. 34, 69). Months passed with no response from Factory Mutual. By the time Cinemark sued in November 2021, Factory Mutual had not issued a coverage position.

On June 3, 2021, Cinemark moved for leave to file its Third Amended Complaint (Dkt. #58). The deadline for Cinemark to file amended pleadings was June 16, 2021 (Dkt. #26 at p. 1). On June 17, 2021, Factory Mutual responded (Dkt. #63). On June 24, 2021, Cinemark replied (Dkt. #71).

**LEGAL STANDARD**

"When a trial court imposes a scheduling order, Federal Rules of Civil Procedure 15 and 16 operate together to govern the amendment of pleadings." *Tex. Indigenous Council v. Simpkins*, 544 F. App'x. 418, 420 (5th Cir. 2013). Rule 15(a) governs a party's request to amend its pleading

---

[1] The Communicable Disease Response section "covers the reasonable and necessary costs incurred by the Insured . . . for the . . . cleanup, removal and disposal of the actual not suspected presence of **communicable diseases** from the insured property." (Dkt #21, Exhibit 1 at pp. 34-35 (bold in original)).

[2] The Interruption by Communicable Disease section covers "the Actual Loss Sustained and EXTRA EXPENSE incurred by the Insured during the PERIOD OF LIABILITY at such **location** with the actual not suspected presence of **communicable disease**." (Dkt. #21, Exhibit 1 at p. 69 (bold in original)).

before a scheduling order's deadline to amend passes. *See id.* Rule 16(b)(4) governs a party's request to amend its pleading after the deadline to amend passes. *Sapp v. Mem'l Hermann Healthcare Sys.*, 406 F. App'x. 866, 868 (5th Cir. 2010) (citing *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA*, 315 F.3d 533, 536 (5th Cir. 2003)).

Rule 15(a) provides that a party may amend its pleading once without seeking leave of court or the consent of the adverse party at any time before a responsive pleading is served. After a responsive pleading is served, "a party may amend only with the opposing party's written consent or the court's leave." *Id.* Rule 15(a) instructs the court to "freely give leave when justice so requires." *Id.* The rule "'evinces a bias in favor of granting leave to amend.'" *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987, 994 (5th Cir. 2005) (quoting *Lyn–Lea Travel Corp. v. Am. Airlines, Inc.*, 283 F.3d 282, 286 (5th Cir. 2002)). But leave to amend "is not automatic." *Matagorda Ventures, Inc. v. Travelers Lloyds Ins. Co.*, 203 F. Supp. 2d 704, 718 (S.D. Tex. 2000) (citing *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. 1981)). Whether to grant leave to amend "lies within the sound discretion of the district court." *Little v. Liquid Air Corp.*, 952 F.2d 841, 845–46 (5th Cir. 1992). A district court reviewing a motion to amend pleadings under Rule 15(a) considers five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the opposing party; and (5) futility of amendment. *Smith v. EMC*, 393 F.3d 590, 595 (5th Cir. 2004) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Rule 16(b)(4) provides that the Court's scheduling order "may be modified only for good cause and with the judge's consent." *See Agredano v. State Farm Lloyds*, No. 5:15-CV-1067-DAE, 2017 WL 5203046, at *1 (W.D. Tex. July 26, 2017) (citing *E.E.O.C. v. Serv. Temps Inc.*, 679 F.3d 323, 333–34 (5th Cir. 2012)) (stating, "a party seeking leave to amend its pleadings after a deadline

has passed must demonstrate good cause for needing an extension."). "The good cause standard requires the 'party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *S&W Enters., L.L.C.*, 315 F.3d at 535 (quoting 6A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1522.1 (2d ed. 1990)). In determining whether good cause exists, courts consider a four-part test: "(1) the explanation for the failure to [timely move for leave to amend]; (2) the importance of the [amendment]; (3) potential prejudice in allowing the [amendment]; and (4) the availability of a continuance to cure such prejudice." *Id.* (quoting *Reliance Ins. Co. v. La. Land & Expl. Co.*, 110 F.3d 253, 257 (5th Cir. 1997)). Only after the movant demonstrates cause under Rule 16(b)(4) does "the more liberal standard of Rule 15(a)" apply to a party's request for leave to amend. *Id.*

## ANALYSIS

Cinemark asks for leave to amend its complaint to add an additional, substantively identical second policy to its claim for damages (*See* Dkt. #58). Specifically, Cinemark asks to extend the damages to include the time period between April 30, 2020 to April 30, 2021. Factory Mutual opposes, arguing the amendment is futile and unduly prejudicial (*See* Dkt. #63). The Court applies the Fifth Circuit's analysis under Rule 15(a) and finds the five factors support granting leave to amend.

   1. **Undue delay**

The Court finds there was no undue delay. In the Fifth Circuit, there is a presumption of timeliness if the movant files its motion to amend by the court-ordered deadline. *See, e.g.*, *Arrieta v. Yellow Transp., Inc.*, No. CIV.A. 305CV2271-D, 2007 WL 2051115, at *1 (N.D. Tex. July 13, 2007). Here, Cinemark filed its Motion before the court-ordered deadline to file amended

pleadings (Dkt. #26 at p. 1). Thus, the Court is satisfied there was no undue delay and weighs the first factor in favor of granting leave to amend.

### 2. Bad faith or dilatory motive

The Court finds the second factor is neutral. Typically, a plaintiff is not dilatory in seeking to amend a complaint prior to the scheduling of trial or pre-trial dates, and when no significant activity has occurred beyond the pleading stage. *Am. Legend Homes v. Navigators Specialty Ins. Co.*, 4:19-CV-00035, 2019 WL 5721634, at *3 (E.D. Tex. Nov. 5, 2019). Additional consideration is given to the amount of time that has passed between the filing of the original complaint and the amendment. *Id.* at *3. Here, the Court entered a scheduling order before Cinemark's Motion (Dkt. #26), and set pre-trial dates and a trial window, but there has been no significant activity beyond the pleadings. Although the suit was filed six months ago, the parties were focused on other disputes, like Factory Mutual's 12(b)(7) motion and Cinemark's motion to compel initial disclosures. While Cinemark could have included the requested amendment in its original complaint, there is no evidence that Cinemark has bad faith. *See Williams v. City of Denton*, 2020 WL 1158610, at *4 (E.D. Tex. 2020) (finding factor weighs in favor of amendment where no evidence of bad faith or dilatory motive existed in the record). Accordingly, the Court weighs the second factor as neutral.

### 3. Repeated failure to cure deficiencies by previous amendments

Third, there was no repeated failure to cure deficiencies by previous amendments. The Court already found Cinemark's pleading sufficient (Dkt. #24). Cinemark's latest amendment does not change the substance of the allegations and only adds damages from the second policy for the following year (Dkt. #59). Although Cinemark could have included these allegations sooner, that

is not necessarily a deficiency in the pleadings. Thus, the Court finds the third factor weighs in favor of granting leave to amend.

### 4. Undue prejudice to the opposing party

Fourth, Factory Mutual is not unduly prejudiced by the proposed amendment. Cinemark moved to amend its complaint well before the September deadlines for discovery and dispositive motions (Dkt. #26). *See Allen v. Sherman Operating Company, LLC*, 4:20-cv-290-SDJ-KPJ, 2021 WL 860458, at *12 (E.D. Tex., 2021) ("[B]ecause the Motion was filed in the early stages of litigation—before the deadline for discovery and dispositive motion deadlines had passed—the Court does not find Defendants have experienced undue prejudice."). Cinemark's amendment does not change the substance of the allegations and so will minimally impact the scope of discovery. Consequently, the amendment will not unreasonably delay or tax Factory Mutual. This weighs in favor of granting leave to amend.

### 5. Futility of amendment

Finally, granting leave to amend the complaint is not futile. According to the Fifth Circuit, futility under Rule 15 means "the amended complaint would fail to state a claim upon which relief could be granted." *Stripling v. Jordan Prod. Co.*, 234 F.3d 863, 873 (5th Cir. 2000). To determine futility, courts apply "the same standard of legal sufficiency as applies under Rule 12(b)(6)." *Id*. Factory Mutual raises the same arguments about futility the Court previously rejected when denying Factory Mutual's 12(c) motion. On May 5, 2021, the Court found that Cinemark stated plausible claims for purposes of defeating a 12(c) motion (Dkt. #46). The proposed amendment does not substantively change Cinemark's claims. As the Court found the original complaint to be sufficient, it also finds the proposed amendment to be sufficient.

6

On balance, the factors weigh in favor of granting Cinemark's Motion for leave to amend its complaint.

## CONCLUSION

There is no "substantial reason" to deny Plaintiffs' Motion for leave to amend its complaint. *Smith*, 393 F.3d at 595. It is therefore **ORDERED** that Plaintiffs' Opposed Motion for Leave to File an Amended Complaint (Dkt. #58) is hereby **GRANTED**.

It is further **ORDERED** that Plaintiff's Third Amended Complaint is deemed filed (Dkt. #59).

**SIGNED this 28th day of July, 2021.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE