IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CINEMARK HOLDINGS, INC., *et al.*, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 4:21-cv-11-ALM |
| | § | |
| FACTORY MUTUAL INSURANCE | § | |
| COMPANY, | § | |
| | § | |
| Defendant. | § | |

**THIRD JOINT MOTION TO AMEND THE SCHEDULING ORDER**

Plaintiffs Cinemark Holdings, Inc.; Cinemark USA, Inc.; CNMK Texas Properties, LLC;

Century Theaters, Inc.; Cinemark Partners II, Ltd.; Greeley, Ltd.; and Laredo Theatre, Ltd.

(collectively, "Cinemark") and Defendant Factory Mutual Insurance Company ("FM," and

together with Cinemark, the "Parties") file this Joint Motion to Amend the Scheduling Order

(Dkt. 80). The Parties request an extension of expert discovery and all subsequent deadlines.

Under the current scheduling order, all discovery must be complete by May 6, 2022. The Parties

now request that the only fact discovery be complete by May 6, 2022, and that expert discovery

be complete by August 16, 2022, and show the Court good cause as follows:

I.      **THE PARTIES HAVE DILLIGENTLY PURSUED DISCOVERY.**

A.      **The Parties Have Substantially Completed Document Production.**

Both Parties have substantially completed document production, including ESI. To date,

Cinemark has produced 55,175 documents, totaling 212,231 pages, including 50,440 documents

since the Parties filed their joint request for a second amended scheduling order on October 21,

2021. FM has produced 16,633 documents, totaling 106,895 pages, including 12,876 documents

since October 21. FM has substantially completed its document production related to the agreed-

upon ESI searches and is additionally in the process of producing particular categories of documents Cinemark has requested on other, non-Cinemark claims outside of the ESI search process. The Parties also continue to identify and produce discrete documents that have been located as part of preparing witnesses to serve as 30(b)(6) corporate representatives.

Additionally, Cinemark served an initial privilege log on September 22, 2021 and its ESI privilege log on February 20, 2022. FM served an initial privilege log on November 4, 2021 and currently plans to serve its ESI privilege log on or before March 18.

**B.      The Parties Have Diligently Pursued Written Discovery.**

Each party has propounded and responded to written interrogatories. Cinemark amended and supplemented its interrogatory responses on October 12, 2021, January 29, 2022, and February 11, 2022. Cinemark's amended responses included an updated list of the dates that every Cinemark theater closed and reopened and an updated list of list of every employee who tested positive for, displayed symptoms of, or was exposed to COVID-19 through the end of the second Policy period. To create these lists, Cinemark had to review thousands of individual employee reports and manually assemble the lists. Cinemark also amended its initial disclosures on January 29.

FM amended its responses to Cinemark's second set of interrogatories on October 29, 2021. FM also amended its initial disclosures and its responses to Cinemark's first set of interrogatories and first set of requests for production on January 14, 2022.

Both Parties have also raised concerns regarding the other Party's objections to certain discovery requests, and the Parties are meeting and conferring about these concerns to try to resolve them without Court involvement. These negotiations have resulted in the Parties reaching agreement on several issues, including the scope of FM's document productions relating to

claims by other policyholders for their losses stemming from COVID-19. Negotiations on other discovery issues are ongoing.

### C.      The Parties Are Diligently Pursuing Third-Party Discovery.

The Parties have subpoenaed a total of eight non-parties.

First, Cinemark subpoenaed Dr. Mark Roberts for the production of documents. Dr. Roberts objected to Cinemark's subpoena on September 16, 2021, and refused to produce any documents. After Cinemark met and conferred with counsel for Dr. Roberts, Dr. Roberts provided a privilege log on October 20, 2021. After an additional meet and confer, Dr. Roberts provided an amended privilege log on November 22, 2021. Dr. Roberts did not produce any documents. At this time, Cinemark does not expect to pursue any additional discovery from Dr. Roberts, but reserves its right to move to compel the production of documents from Dr. Roberts if necessary.

Second, Cinemark subpoenaed Merriam-Webster, Inc. for the production of documents. On November 2, 2021, Merriam-Webster responded that it did have any documents responsive to the subpoena, and did not produce any documents. At this time, Cinemark does not expect to pursue any additional discovery from Merriam-Webster, but reserves its right to move to compel the production of documents from Merriam-Webster if necessary.

Third, FM subpoenaed Marsh USA, Inc. for the production of documents and to answer written deposition questions. Marsh USA has produced 1,139 documents to date, totaling 15,186 pages. Document production has been ongoing, and Marsh USA recently supplemented its production on March 2, 2022. FM is currently engaging in discussions with counsel for Marsh USA to determine if Marsh USA will provide any additional document production.

Fourth, FM subpoenaed Marsh & McClellan Agency ("MMA") for the production of documents. FM is currently engaging in discussions with counsel for MMA regarding the production of documents.

Fifth, FM subpoenaed MOcean LLC for the production of documents. MOcean is represented by counsel for Cinemark. MOcean produced 42 documents, totaling 142 pages, on February 10, 2022. MOcean has indicated that it intends to make a second document production soon.

Sixth, FM subpoenaed the National Association of Theatre Owners ("NATO") for the production of documents. FM takes the position that it properly served NATO on its New York agent of process, but NATO has taken the position that it must be served in either California or the District of Columbia. As a result, FM is preparing a second subpoena to NATO, without waiver of its right to move to compel the production of documents from NATO on the basis of the New York subpoena.

Seventh, FM subpoenaed Dr. Matthew Sims for the production of documents. Dr. Sims produced 566 pages of documents on January 24, 2022.

Eighth, FM subpoenaed Dr. Daniel Uslan for the production of documents. FM is currently engaging in discussions with Dr. Uslan regarding the production of documents.

**D.      The Parties Are Diligently Conducting Depositions of Fact Witnesses.**

The Parties have so far conducted depositions of five fact witnesses, totaling seven days. The Parties intend to conduct depositions of an additional twelve fact witnesses and continue the deposition of an already-deposed witness.

On January 10, 2022, FM provided to Cinemark a list of five witnesses that it wished to depose in their individual capacity and a 30(b)(6) deposition notice listing twenty-six topics. FM later added two additional individual witnesses, for a total of seven. Cinemark served its

objections to the 30(b)(6) notice on January 18. The Parties met and conferred and FM served a revised 30(b)(6) notice on February 2, 2022. Cinemark designated four individuals as corporate representatives, all of whom are also individual witnesses.

On January 14, 2022, Cinemark provided to FM a list of nine witnesses that it wished to depose in their individual capacity. Cinemark later added one witness, for a total of ten. Cinemark served a 30(b)(6) deposition notice listing eight topics and fifty-eight subtopics on January 17, 2022. The Parties met and conferred and Cinemark served a revised 30(b)(6) notice on January 31, 2022. FM served objections to the revised notice on March 4, 2022, which Cinemark is still reviewing to determine if an additional meet and confer is needed. FM designated two individuals to serve as corporate representatives, both of whom are also individual witnesses.

The Parties agreed that when a witness is both a 30(b)(1) and 30(b)(6) witness, the deposition could continue for a second day without regard to the seven-hour rule. As such, two of Cinemark's corporate representatives — Don Harton and Gabriela Madrid — each sat for two days of depositions. In addition, due to Cinemark's examination of Ms. Madrid, she will sit for a third day, which was originally scheduled for February 24, 2022, but an ice storm in Dallas, Texas that day forced the Parties to reschedule the deposition. Three 30(b)(6) witnesses remain to be deposed (one for Cinemark and two for FM) and it is possible that these witnesses might also require additional days.

The Parties expect to complete all fact witness depositions before the May 6, 2022 discovery deadline. The Parties have worked diligently and collaboratively to schedule all depositions as quickly and efficiently as possible. Two witnesses (one for FM and one for Cinemark) are no longer employed by the Parties and have other obligations, and one corporate

representative has a medical condition that the Parties need to accommodate. These factors,

combined with the high number of witnesses, scheduling conflicts for witnesses and counsel, a

desire to hold as many depositions in person as possible despite the witnesses and counsel being

based all over the country necessitating travel, and the aforementioned ice storm have resulted in

depositions taking course over a longer period of time than the Parties anticipated when they

filed their second joint motion for an amended schedule in October.

## II.   GOOD CAUSE EXISTS TO AMEND THE SCHEDULING ORDER.

### A.   The Parties Have Demonstrated Good Cause.

The Parties seek an extension of expert discovery, but do not seek an extension of fact

discovery. Under Fed. R. Civ. P. 16(b)(4), the court can modify the scheduling order for "good

cause." *Earl v. Boeing Co.*, No. 4:19-CV-507, 2021 WL 3021463, at *1 (E.D. Tex. July 16,

2021). The parties seeking the extension must show that "the deadlines cannot reasonably be met

despite the diligence of the party needing the extension." *Id.* In considering whether good cause

exists, courts will consider four factors: "(1) the explanation for the failure to timely move for

leave to amend; (2) the importance of the amendment; (3) the potential prejudice in allowing the

amendment; and (4) the availability of a continuance to cure such prejudice." *Id.* All four factors

weigh towards granting the Parties' joint request for leave to amend.

First, there was no delay in moving for leave to amend. As discussed above, the Parties

have diligently engaged in discovery. *Earl*, 2021 WL 3021463, at *2 (granting motion for leave

to amend scheduling order and noting that plaintiff had worked "diligently" in an effort to meet

the existing deadline); *Ciena Corp. v. Nortel Networks, Inc.*, 233 F.R.D. 493, 495 (E.D. Tex.

2006) (same). The Parties filed this motion for leave to amend when it became apparent that they

would be unable to complete discovery in the time contemplated by the current schedule, and did

not wait until after the deadline had already passed to do so. Although the Parties previously

requested an extension, depositions and document productions (both party and non-party) have taken more time than anticipated. Now that depositions are underway, the Parties are able to more accurately estimate the time it will take for them to complete discovery. *Id.* (granting extension based on new information).

Second, the amendment is important because it will allow the Parties to complete expert discovery. Under the current schedule, the experts would be forced to produce reports based on an incomplete record. This is a complex case involving experts from multiple fields, and the parties believe that the experts will benefit from having a complete record before writing their supplemental expert reports. Under the current schedule, the Parties will not be able to complete expert discovery before the deadline.

Third and fourth, there is no prejudice because the Parties agree on the need for an extension.

B. **Based on Good Cause Shown, The Parties Agree on the Following Amended Case Schedule.**

Given the number of depositions and complexity of the issues on which the experts are opining, the current discovery deadline is no longer feasible as applied to expert witnesses. Under the current schedule, Plaintiff's supplemental expert reports are due on March 10 and Defendant's supplemental expert reports are due on March 24. Fewer than half of the fact witnesses will be deposed on March 10 and the experts will thus be forced to work with an incomplete record. The Parties prefer to complete all fact discovery by the current deadline, then have a separate expert discovery period. The Parties propose the following schedule:

| Current Deadline | Proposed Revised Deadline | Event |
|---|---|---|
| **End of fact & expert discovery:** May 6, 2022 | **End of fact discovery only:** May 6, 2022 | All fact discovery shall be commenced in time to be completed by this date. |
| March 10, 2022 | May 27, 2022 | Disclosures of supplemental expert testimony by Plaintiffs' expert witnesses. |
| March 24, 2022 | June 17, 2022 | Disclosures of supplemental expert testimony by Defendant's expert witnesses. |
| **End of fact & expert discovery:** May 6, 2022 | **End of expert discovery:** August 16, 2022 | All expert discovery shall be commenced in time to be completed by this date. |
| May 10, 2022 | August 30, 2022 | Deadline to object to any other party's expert witnesses. Objection shall be made by a motion to strike or limit expert testimony and shall be accompanied by a copy of the expert's report in order to provide the court with all the information necessary to make a ruling on any objection. |
| April 15, 2022 | September 1, 2022 | Deadline by which the parties shall notify the Court of the name, address, and telephone number of the agreed-upon mediator, or request that the Court select a mediator, if they are unable to agree on one. |
| May 26, 2022 | October 13, 2022 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| June 15, 2022 | October 21, 2022 | Mediation deadline |
| September 15, 2022 | March 8, 2023 | Notice of intent to offer certified records |
| September 15, 2022 | March 8, 2023 | Counsel and unrepresented parties are each responsible for contacting opposing counsel and unrepresented parties to determine how they will prepare the Joint Final Pretrial Order (See www.txed.uscourts.gov) and Joint Proposed Jury Instructions and Verdict Form (or Proposed Findings of Fact and Conclusions of Law in non-jury cases). |
| September 22, 2022 | March 15, 2023 | Video Deposition Designation due. Each party who proposes to offer a deposition by video shall serve on all other parties a |

| Current Deadline | Proposed Revised Deadline | Event |
|---|---|---|
|  |  | disclosure identifying the line and page numbers to be offered. All other parties will have seven calendar days to serve a response with any objections and requesting cross-examination line and page numbers to be included. Counsel must consult on any objections and only those which cannot be resolved shall be presented to the court. The party who filed the initial Video Deposition Designation is responsible for preparation of the final edited video in accordance with all parties' designations and the Court's rulings on objections. |
| September 28, 2022 | March 21, 2023 | Motions in limine due. File Joint Final Pretrial Order. (See www.txed.uscourts.gov). |
| October 12, 2022 | April 4, 2023 | Response to motions in limine due. |
| October 12, 2022 | April 4, 2023 | File objections to witnesses, deposition extracts, and exhibits, listed in pre-trial order. (This does not extend the deadline to object to expert witnesses) (Provide the exhibit objected to in the motion or response). If numerous objections are filed the court may set a hearing prior to docket call. File Proposed Jury Instructions/Form of Verdict (or Proposed Findings of Fact and Conclusions of Law). |
| To be determined | To be determined | If numerous objections are filed the Court may set a hearing to consider all pending motions and objections. |
| December 1, 2022 |  | Final Pretrial Conference at 9:00 a.m. at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Date parties should be prepared to try case. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |

| Current Deadline | Proposed Revised Deadline | Event |
|---|---|---|
| To be determined | | 10:00 a.m. Jury selection and trial at the Paul Brown United States Courthouse located at 101 East Pecan Street in Sherman, Texas. Cases that remain for trial following the Court's Pretrial docket will be tried between _____, **2023, and _____, 2023**. A specific trial date in this time frame will be selected at the Final Pretrial Conference. |

Plaintiffs have disclosed seven expert witnesses, and Defendants have disclosed five expert witnesses. Under the Parties' proposed amended scheduling order, Plaintiffs' experts will have three weeks after the conclusion of fact discovery to write their supplemental expert reports (May 27, 2022). Defendants' experts will then have three weeks from that date to serve their supplemental expert reports (June 17). Then, the Parties will have sixty days, until August 16, 2022, to conduct expert depositions. The Parties believe that sixty days is a sufficient amount of time to conduct these depositions. Objections to expert witnesses would then be due two weeks later, on August 30, 2022.

Under the current schedule, objections to expert witnesses are due May 10, 2022. Based on the local rules, briefing will be complete on June 7, 2022. Local Rules 7(e) and 7(f). The current schedule also requires that dispositive motions be filed on or before May 26, 2022. As a result, the briefing schedule for the two motions overlap. The Parties desire to eliminate this overlap. The Parties therefore desire to move the deadline to file dispositive motions until after briefing for expert objections is complete: objections would be due August 30, briefing for objections would be complete September 27, and dispositive motions would be due two weeks

later on October 13, 2022. The Parties' proposal also moves all subsequent deadlines back a similar amount.

## III.    CONCLUSION

The Parties therefore respectfully request that the Court enter the agreed-upon amended scheduling order.

Dated: March 9, 2022

*/s/ Melissa R. Smith*
Melissa R. Smith
Texas Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington Avenue
Marshall, Texas 75670
Telephone: (903) 934-8450
Facsimile: (903) 934-9257
melissa@gillamsmithlaw.com

Michael S. Levine∗
HUNTON ANDREWS KURTH LLP
2200 Pennsylvania Avenue, NW
Washington, D.C. 20037-1701
Telephone: (202) 955-1857
Facsimile: (202) 778-2201
mlevine@huntonAK.com

**Attorneys for Plaintiffs**

**∗** Admitted *Pro hac vice*.

Dated: March 9, 2022

*/s/ Eric W. Pinker*
James Chin∗
ZELLE LLP
120 West Peachtree St. NW, Suite 610
Atlanta, GA 30309
Telephone: (470) 867-3041
Facsimile: (612) 336-9100

Emileigh S. Hubbard
Texas Bar No. 24076717
HENRY ODDO AUSTIN & FLETCHER, P.C.
1700 Pacific Ave., Suite 2700
Dallas, TX 75201
Telephone: 214-658-1900
Facsimile: 214-658-1919
ehubbard@hoaf.com

Eric W. Pinker
Texas Bar No. 16016550
LYNN PINKER HURST & SCHWEGMANN, LLP
2100 Ross Ave, Suite 2700
Dallas, TX 75201
Telephone: (214) 98-3800
Facsimile: (214) 981-3839
epinker@lynnllp.com

**Attorneys for Defendant**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on this the 9th day of March 2022 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).

/s/ Melissa R. Smith
Melissa R. Smith

## CERTIFICATE OF CONFERENCE

I hereby certify that the Parties met and conferred regarding this Motion on March 4, 2022. The Parties agreed to jointly submit this motion.

/s/ Melissa R. Smith
Melissa R. Smith