# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | |
|---|---|
| CINEMARK HOLDINGS, INC., et al., § § § *Plaintiffs,* § § v. § § FACTORY MUTUAL INSURANCE § COMPANY, § § *Defendant.* § | Civil Action No. 4:21-CV-00011 Judge Mazzant |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Reconsideration (Dkt. #213). Having considered the motion, the response, and the relevant pleadings, the Court finds that the motion should be **DENIED**.

### BACKGROUND

The facts of this insurance coverage dispute are fully set out in the Court's Memorandum Opinion and Order resolving the parties' cross-motions for summary judgment (the "Opinion"), which the Court issued on March 21, 2023 (Dkt. #208). In the Opinion, the Court granted Defendant's Motion for Summary Judgment (Dkt. #152) and denied Plaintiffs' Motion for Partial Summary Judgment (Dkt. #154). The Court concluded that, as a matter of law, the presence of COVID-19 particles in Plaintiffs' properties does not constitute "physical loss or damage" as defined by a pair of Factory Mutual "all-risk" policies issued to Plaintiffs (the "Policies") (Dkt. #208 at p. 19). Because "physical loss or damage" is a prerequisite to coverage under the Policy provisions invoked by Plaintiffs, the Court held that both Plaintiffs' claims for breach of contract and their extra-contractual claims necessarily failed (Dkt. #208 at pp. 19–21). The Court

entered a Final Judgment in favor of Defendant on the same day that it issued the Opinion (Dkt. #209).

Plaintiffs filed their motion for reconsideration on April 18, 2023 (Dkt. #213). Defendant responded on May 1, 2023 (Dkt. #217), and Plaintiffs replied on May 8, 2023 (Dkt. #219).

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not provide for a general motion for reconsideration. *See, e.g.*, *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). A motion asking the Court to reconsider a prior ruling is therefore evaluated either as a motion to alter or amend judgment under Federal Rule of Civil Procedure 59(e) or as a motion for relief from a final judgment, order, or proceeding under Federal Rule of Civil Procedure 60(b). *Tex. A&M Rsch. Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir. 2003). The applicable rule depends on when the motion was filed—if the motion was filed within twenty-eight days after the entry of judgment, it is analyzed under Rule 59, and, if it was filed outside of that time, it is analyzed under Rule 60. *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (per curiam). Plaintiffs filed their motion for reconsideration on April 18, 2023, within twenty-eight days of the Court's entry of final judgment (Dkt. #213). Accordingly, Rule 59(e) applies here.

Rule 59(e) serves the "narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Templet v. HydroChem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). Thus, Rule 59(e) does not provide a vehicle "to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008) (quoting 11 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2810.1 (2d ed. 1995)). Instead, to prevail on a Rule

59(e) motion, the movant must show: (1) a manifest error of law or fact; (2) an intervening change in controlling law; (3) the availability of new evidence not previously available; or (4) that the motion is necessary to prevent manifest injustice. *See, e.g.*, *Schiller v. Physicians Res. Grp., Inc.*, 342 F.3d 563, 567 (5th Cir. 2003). In this context, a "manifest error of law" is an error "that is plain and indisputable, and that amounts to a complete disregard for controlling law." *Guy v. Crown Equip. Corp.*, 394 F.3d 320, 325 (5th Cir. 2004).

A district court has "considerable discretion" in deciding whether to grant a Rule 59(e) motion. *Edward H. Bohlin Co. v. Banning Co.*, 6 F.3d 350, 355 (5th Cir. 1993). That said, relief under Rule 59(e) is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479 ("Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly.").

## ANALYSIS

Plaintiffs have failed to establish that the extraordinary remedy of reconsideration is warranted here. According to Plaintiffs, the Court committed two manifest errors of law in granting Defendant's motion for summary judgment (Dkt. #208 at p. 2). First, Plaintiffs contend that the Court erred by refusing to accept extrinsic evidence offered by Plaintiffs, which purportedly shows that Policies contemplate that a virus can cause physical loss or damage to property (Dkt. #213 at p. 3). Second, Plaintiffs renew their argument that this case presents a question of fact and is thus unique from the overwhelming body of case law in which courts—both in the Fifth Circuit and around the country—have held that COVID-19 does not cause "physical loss or damage" as required by the Policies (Dkt. #213 at p. 4). The Court addresses each of these arguments in turn.

I.  **The Court Did Not Commit a Manifest Error of Law in Interpreting the Policies**

Plaintiffs argue that the Court erred in refusing to consider extrinsic evidence of Defendant's "loss codes," which purportedly indicate that Defendant "agreed that a virus *could* cause physical loss or damage to property" (Dkt. #213 at p. 3). But, as another court in this division recently concluded in addressing this exact issue, it is improper to look to extrinsic evidence to find ambiguity in the Policies' language with respect to COVID-19's capacity to cause "physical loss or damage." *Baylor Scott & White Holdings v. Factory Mut. Ins. Co.*, __ F. Supp. 3d __ No. 4:22-CV-00120, 2023 WL 2743571, *5 n.7 (E.D. Tex. Mar. 31, 2023) (citing *Snelling and Snelling, Inc. v. Fed. Ins. Co.*, 205 F. App'x 199, 204 (5th Cir. 2006) (applying Texas law)). In interpreting the Policies, the Court's primary task is to construe them as written, based on their plain language. *See, e.g.*, *Gilbert Tex. Const., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010); *State Farm Lloyds v. Page*, 315 S.W.3d 525, 527–28 (Tex. 2010). To this end, the Court cannot rely on extrinsic evidence to "create an ambiguity or to give the contract a different meaning from that which its language imports." *Anglo-Dutch Petroleum Int'l, Inc. v. Greenberg Peden, P.C.*, 352 S.W.3d 445, 451 (Tex. 2011).

And, even if it accepts Plaintiffs' contention that extrinsic evidence is admissible to "explain" the terms of the Policies, the Court is satisfied that there is no error for the simple reason that Plaintiffs' "explanation" is nonsensical (Dkt. #213 at pp. 3–4). Simply put, none of the extrinsic evidence offered by Plaintiffs indicates that the drafters of the Policies contemplated that a virus like COVID-19 causes physical or loss or damage. After all, the Policies contain a stand-alone provision that covers losses from "communicable diseases" and does not require physical loss or damage as a prerequisite to coverage (Dkt. #208 at p. 3). If the Policies actually provided that communicable diseases cause physical loss or damage, "then it would not have had to include

a separate provision for coverage based on communicable disease." *Baylor Scott & White*, 2023 WL 2743571, at *6 (quoting *Cordish Cos. v. Affiliated FM Ins. Co.*, 573 F. Supp. 3d 977, 1001 (D. Md. 2021), *aff'd*, No. 21-2055, 2022 WL 1114373 (4th Cir. Apr. 14, 2022)). And, in any event, the definition of "physical loss or damage" required by Texas law contemplates that "the presence of COVID-19 does not constitute a 'physical loss or damage.'" *Id.* (citing *Terry Black's Barbecue, L.L.C. v. State Auto. Mut. Ins. Co.*, 22 F.4th 450, 455–56 (5th Cir. 2022) (applying Texas law)). Thus, the Court concludes that it made no "manifest legal error" in interpreting the Policies.

## II.    This Case Presents No Unique Factual Issues

Plaintiffs also argue that the Court committed a manifest legal error when it granted Defendant's motion for summary judgment in the face of factual issues supposedly raised by Plaintiffs' scientific evidence regarding the presence of COVID-19 in its properties (Dkt. #13 at p. 4). This argument suffers from two fatal defects.

First, the Court has already considered—and rejected—Plaintiffs' contention that this case presents unique factual issues that make summary judgment inappropriate (Dkt. #208 at p. 14). A motion for reconsideration is not a vehicle for relitigating matters that were not resolved to the movant's satisfaction. *Exxon Shipping Co.,* 554 U.S. at 485 n.5; *In re Deepwater Horizon*, 785 F.3d 986, 992 (5th Cir. 2015). But Plaintiffs' motion does exactly that by rehashing its argument that this case involves factual questions that preclude summary judgment (Dkt. #13 at p. 4). And, as the Court explained in the Opinion, courts in the Fifth Circuit have repeatedly held that COVID-19 does not cause "physical loss or damage" as required by the Policies (Dkt. #208 at p. 14). Because Plaintiffs motion turns on an argument that this Court has already considered and rejected, there is no basis for the "extraordinary remedy" of reconsideration here. *Templet*, 367 F.3d at 479.

Second, and relatedly, Plaintiffs' argument is rooted in a misreading of the Fifth Circuit precedent on this topic. According to Plaintiffs, the Fifth Circuit has never considered a case in which a plaintiff alleged that COVID-19 "altered or was even present on its property" (Dkt. #213 at p. 5). This is simply not true. Indeed, even when accepting as true the same facts that Plaintiffs claim to have raised here, the Fifth Circuit has repeatedly held that even the actual presence of COVID-19 does not cause physical loss or damage. *PHI Grp., Inc. v. Zurich Am. Ins. Co.*, 58 F.4th 838, 841–42 (5th Cir. 2023) (noting that the Fifth Circuit has repeatedly "found that the presence of coronavirus particles in a facility does not trigger coverage under analogous physical loss or damage provisions"); *Coleman E. Adler & Sons, L.L.C. v. Axis Surplus Ins. Co.*, 49 F.4th 894, 898 (5th Cir. 2022) (rejecting plaintiff's contention that the presence of "coronavirus particles" in its properties constituted loss or damage); *PS Bus. Mgmt., L.L.C. v. Fireman's Fund Ins. Co.*, No. 21-30723, 2022 WL 2462065, at *3 n.2 (5th Cir. July 6, 2022) (holding that COVID-19 particles did not cause "direct physical loss or damage" because "COVID-19 is a virus that injures people, not property").[1] In short, the Fifth Circuit has directly foreclosed Plaintiffs' argument that the physical, tangible presence of COVID-19 at its properties constituted "physical loss or damage" that triggered cover under the Policies.

## CONCLUSION

It is therefore **ORDERED** that Plaintiffs' Motion for Reconsideration (Dkt. #213) is hereby **DENIED**.

**IT IS SO ORDERED**.

---

[1] Plaintiffs have attempted to distinguish cases like these, which were decided under Louisiana law (Dkt. #219). But, as the Fifth Circuit has previously noted, there is little, if any, "pertinent difference between Texas law and Louisiana law with respect to interpreting insurance policies." *Aggreko, L.L.C. v. Chartis Specialty Ins. Co.*, 942 F.3d 682, 688 (5th Cir. 2019). Thus, the Court has no reason to believe that the outcome of these cases would be different if the courts were to apply Texas law.

**SIGNED this 7th day of July, 2023.**

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE